JOHN N. BAUER, Plaintiff in Error, *v.* CHRISTIAN WAGNER, Defendant in Error.

39  385
82a 451

*Practice—Pleading—Answer.*—Pleading conditionally, or in the alternative, is not allowable, and should be avoided. An answer setting up new matter, by way of defence, should confess and avoid the plaintiff's cause of action.

### *Error to Cole Circuit Court.*

*McCord, King*, and *Ewing & Smith*, for plaintiff in error.

Plaintiff's motion to strike out a part of defendant's answer ought to have been sustained by the court. The plea of the statute of limitations is not well pleaded, and ought to have been stricken out. The defendant fails to state facts sufficient to show that the possession under which he claimed was adverse to the plaintiff's claim to said property—13 Barb. (S. C.) 151. The defendant's answer is clearly defective—Curt. Eq. Prec. 173; 1 Chit. Pl. 526. It seems that the plea would not have been sufficient under the old rules—Dinkle v. Gundelfinger, 35 Mo. 172; McMurray et al. v. Gifford, 5 How. Rep. 14; Keeton v. Keeton, 20 Mo. 542; Piatt v. Vattier, 9 Pet. 416.

*J. E. Belch* and *H. Flannagan*, for defendant in error.

I. The court below properly overruled the plaintiff's motion to strike out part of the answer. The statute of limitations was explicitly and clearly pleaded. If, as the plaintiff claims, the objectionable part of the answer was indefinite or uncertain, the plaintiff's motion ought to have been to make it more definite and certain. The defect, if any existed, could not be reached by motion to strike out—R. C. 1855, ch. 128, §§ 30 & 31.

II. The question of adverse possession was fully raised by the answer. It set up title in the defendant, and out of the plaintiff. This raised an issue under which evidence of occupation by the defendant of the *locus in quo* for ten years next before the commencement of the action was properly given to the jury—Draper v. Shoot, 25 Mo. 197.

III. When the defendant seeks to prevail in an action of ejectment on the ground of adverse possession, his proper plea is title in himself and out of the plaintiff—Ford v. Sampson, 8 Abb. P. R. 332; same case, 30 Barb. 183.

IV. The statute of limitations was properly pleaded. The answer denied that the right of action accrued within ten years. More expressive or explicit language could not be employed. No particular or technical words are necessary to set up a defence under a public statute. It is sufficient to state the facts which are necessary to bring the case within the operation of the statute—Bogardus v. Trinity Church, 4 Paige Ch. R. 178, 7 ed., 373.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment for the recovery of a small strip of land, part of a larger lot, which had been sold as a portion of lot No. 337, in the city of Jefferson. The strip was eight inches in front, and about two feet in width, upon an alley in the rear. The several portions of this lot, No. 337, had been sold and conveyed to various persons at different times, by quantity in front feet, with some calls for adjoining lots, but without fixed landmarks set upon the ground conveyed in each instance. The several proprietors had taken possession of their lots and improved the same, enjoying their possessions undisturbed for more than ten years; but upon an accurate survey being made, it appeared that they had not taken possession exactly according to the true lines, and that the defendant's possession and buildings encroached by the above quantity upon the land claimed by the plaintiff, and that he had so held possession for upwards of twenty years. And there was evidence before the jury bearing upon the question of the adverse character of the possession. The jury rendered a verdict for the defendant.

The first question presented for our determination here arises upon a motion to strike out a part of the answer, which pleaded the statute of limitations in bar of the action in these words:

" That the said supposed cause of action of the said plaintiff, if any such he have, has not accrued within ten years next before the commencement of this suit, and pleads the statute of limitations in bar to any such supposed cause of action."

The objection seems to rest chiefly upon the ground that by reason of the words " if any such he have," the plea fails to confess and avoid the action. The statute of limitations must be specially pleaded, except where some express statute otherwise provides, and the nature of the plea is, that, admitting the plaintiff once had a cause of action, it avers that the same has been lost by reason of the lapse of the whole period of the statute bar—2 Tidd's Pr. 647, 651 ; Ang. Lim. § 285 ; Bricket v. Davis, 21 Pick. 404. The right to maintain this action depends essentially upon the determination of the question *when* the right of entry, or the cause of action, accrued ; and if it did not accrue, or was not a subsisting cause of action, at any time within the period of the statute, it is barred and lost—Ang. Lim. § 369. It would seem to be very clear, then, that but for these words the statute would have been well pleaded, notwithstanding the useless addition of the latter clause, which by itself alone would be bad pleading. Pleading conditionally, or in the alternative, is not allowable, and should be avoided. In Gale v. Capern, 1 Adolph. & El. 102, a replication " that the said supposed debt and set-off did not accrue within six years," was held virtually to admit that the action had once accrued as alleged. In Marjaret v. Bays, 4 Adolph. & El. 489, a plea that " the supposed debt, *if any such there be*, did did not accrue due the plaintiff at any time within six years,". was held bad on special demurrer, because it did not fully confess and avoid the cause of action. (In this case, we think the language of the pleading may be taken as virtually admitting that the plaintiff once had a cause of action, and as only questioning its present existence.) It is a mere matter of form, and the same strictness need not be insisted on under our practice, which has abolished the old special de-

murrer to mere matters of form. Besides that, whatever fault or error there may have been, in this respect, may be considered as fully cured, after verdict, by the operation of the statute of jeofails. We think there was no material error in overruling the motion.

Objection is taken further to the ruling of the court upon the instructions. We have carefully examined them, and find no substantial error. Some of those which were refused for the plaintiff appear to have been correct enough in themselves, and might very well have been given; but other instructions were given which fully covered the same ground, and were substantially identical. In those given for the defendant, there is scarcely room for exception.

On the whole, the issue appears to have been fairly placed before the jury, under correct principles of law, and we discover no sufficient ground for disturbing the verdict.

Judgment affirmed. The other judges concur.*