THOMAS S. NELSON, Appellant, v. JOHN BRODHACK, Respondent.

1. *Practice, Civil — Special pleas in bar — Inconsistency.* — The old special pleas in bar were technically supposed to confess and avoid, although in fact they might not confess at all. Hence, in a technical sense, they were inconsistent with a denial; but they were not held to be so inconsistent as not to be pleadable together, unless there was an absolute incompatibility of facts.

2. *Practice, Civil — Note — Pleas — Special in bar, and non est factum.* — In a suit on a note, pleas of *non est factum* and payment, or release or other discharge, are not necessarily inconsistent.

3. *Practice, Civil — Pleadings — Inconsistency — Meaning of, in the statutes.* — The consistency required by the statute (Gen. Stat. 1865, ch. 165, § 14) is one of fact merely. Two or more defenses are held to be inconsistent only where the proof of one necessarily disproves the other. But, under our system, the facts should be so set out in the pleading that both defenses may be true.

4. *Practice, Civil — Pleadings — Statute of limitations vests title in plaintiff.* — The statute of limitations, where it operates, vests the absolute title of the property, and there is no more necessity of pleading it to an action of ejectment than though defendant held the plaintiff's title.

5. *Land and land titles — Description — Certainty of.* — It is not necessary that the description of land be contained in the body of a deed. It is sufficient if it refers, for identification, to some other instrument or document; or, if no reference be made, surveys, monuments, etc., must be ascertained, in order to locate the land. But the description must be contained in the instrument or its references, express or implied, with such certainty that the locality of the land can be ascertained from it.

6. *Land and land titles — Sheriff's deed — Presumption of intendment.* — The same presumption of intendment can not be inferred from a sheriff's deed as from a direct conveyance from the grantor. In the latter case the ambiguity is the grantor's fault. He has voluntarily sold his property and received the proceeds; and everything should be construed more strongly against him than his grantees.

7. *Land and land titles — Execution — Sheriff's deed — Advertisement.* — In a sheriff's deed the description of the land thereby conveyed was so imperfect that nothing could pass by that alone. But the deed further recited that the sheriff had given notice of the time and place of sale, and of the real estate to

be sold, in the St. Louis Daily Union, etc., "a copy of which advertisement is hereto annexed, and makes part of this deed." And in the granting part, the sheriff transferred to the purchaser the interests of defendant in the execution "in and to the above-described real estate." The copy of the advertisement was attached by a wafer, after his signature. *Held,* that the description in the deed in no way referring, either directly or indirectly, to the advertisement, was not modified or controlled by it; and that the advertisement could not be treated as a part of the description.

### *Appeal from St. Louis Circuit Court.*

*Hospes,* for appellant.

I. The plea of the statute of limitations is a plea in confession and avoidance. (1 Chit. 556; Steph. on Pl. 138, 139, 198, 200; Bauer v. Wagner, 39 Mo. 385.)

II. The deed from the sheriff to Nelson contains a definite and certain description of the property conveyed. (Noonan v. Lee, 2 Black, 499; Vance v. Fore, 24 Cal. 435; Seaward v. Malotte, 15 Cal. 304; 32 Barb. 374; Carson v. Ray, 7 Jones' Law, 609; Peck v. Mallams, 6 Seld. 509; Stanley v. Green, 12 Cal. 148.)

*Clover & Reber,* for respondent.

I. The sheriff's deed, under which plaintiff claims, is void for uncertainty. (Clemens v. Rannells, 34 Mo. 579.)

II. The opinion of witnesses as to the proper location of a grant or conveyance is inadmissible. (Blumenthal v. Roll, 24 Mo. 113; Schultz v. Lindell, 30 Mo. 310, 312, 321.)

III. It is not competent to remove a patent ambiguity by the testimony of witnesses. (2 Starkie, 546.)

IV. The plea of the statute of limitations is not inconsistent with a denial of the plaintiff's title, and therefore the pleas may well stand together. (Bauer v. Wagner, 39 Mo. 385; Voorhies' Code, 8th ed., 297.)

V. It is not necessary, in ejectment, to plead the statute of limitations (Adams on Ejectment, 270, 302); and defendant in ejectment might give in evidence a deed by the plaintiff for the *locus in quo,* without pleading it. (Biddle v. Mellon, 13 Mo. 341; Blair v. Smith, 16 Mo. 273; 3 Washb. on Real Property, 113.)

BLISS, Judge, delivered the opinion of the court.

This was an action of ejectment for two parcels of land in the Durand tract, in the city of St. Louis. The plaintiff, under the pleadings, was required to prove title; and, failing to do so, judgment was given for defendant. The issues were made by a denial of the plaintiff's allegations and upon a plea purporting to be a plea of the statute of limitations; and the defendant claims that the last plea was a confession of the plaintiff's original right — was inconsistent with the denials, and relieved the plaintiff from the necessity of proving title. The objection raises the question whether an answer setting up new matter, by way of defense, is so far a confession of the cause of action as, under our statute, to be inconsistent with its denial. The logic of the old special pleas in bar admitted the material allegations of the plaintiff, but pleaded *actio non*, *quia* the new matter. In a technical sense, they were inconsistent with the denial; and, to obviate it, the more recent forms in Chitty threw in an "if," etc., but they were never held to be so inconsistent as not to be pleadable together, unless there was an absolute incompatibility of facts. If we were to limit our statutory allowance of consistent defense by the strict logic of the old special pleas in bar, all special defenses would be cut off when the cause of action was denied; for such special defenses are technically supposed to confess and avoid, although, in fact, they may not confess at all. Such an interpretation of the statute should not be adopted if there is any other that will give a party his clear right to several defenses.

A special defense is not necessarily inconsistent with a denial. For instance, suppose A sues B upon a promissory note; B denies its execution, in the nature of a special *non est factum*, under the old system, and afterwards alleges payment or release. He does not thereby deny the existence of the paper; and an averment of payment, or any other matter of discharge, is not necessarily inconsistent in fact with original non-liability, for men sometimes adjust demands for which they are not liable. If, notwithstanding, the demand is put in suit, it would be unjust to deprive a defendant of every lawful defense. Some interpretation, then, of the term

" consistent defenses" should be adopted, if possible, that shall be consistent with the statute and secure the rights of full defense. That right will be secured if the consistency required be one of fact merely, and if two or more defenses are held to be inconsistent only when the proof of one necessarily disproves the other. Two statements are not inconsistent if both may be true. Thus, if one has paid or performed a forged or unauthorized or altered promissory note or covenant, he may deny, not the existence of the paper, but that it was his promise or deed, and also aver its payment or satisfaction. But, under our system, the facts should be so set out that both defenses may be true. So, in slander, for charging one with being a thief, the defendant may deny the words and add the *actio non* because the plaintiff stole a horse. Proving the larceny does not prove the speaking the words. The logic of the justification under the old system might be held to admit the act justified, yet there is no inconsistency in the facts alleged. Other illustrations might be given, but none would be more pertinent than the case at bar.

The plaintiff states that at a certain time he was the owner of, and lawfully entitled to, the possession of certain land, and that defendant unlawfully held it from him. Defendant denies both propositions, and afterward says " that he and those under whom he claims have had and held open, notorious, and continuous and exclusive possession of the premises sued for ten years prior to the commencement of this suit, adverse to all other persons, and to the plaintiff, and that such possession bars the plaintiff." This answer differs from the usual form of pleading the statute, and, if it pleads it at all, is clearly argumentative. But, supposing it had been never so formal, would there have been any inconsistency in fact between that allegation and an express denial of title? As we shall presently see, the plea was wholly unnecessary; but whether necessary or not, it admitted nothing, but only gave a reason, as it were, for the denial of title.

But in ejectment the plea of the statute of limitations is not required in order to entitle the defendant to its benefits. The plaintiff alleges that he is the owner, and is lawfully entitled to the possession, and that defendant unlawfully holds it from him.

These are affirmative facts which, if denied, he must prove. He must show such title in himself as should give him possession. If the defendant is the lawful owner, the plaintiff fails and fails upon the issue he tenders. It is not necessary for the defendant to set up, by way of answer, title in himself or any one else; it is involved in his denial of the plaintiff's right. But if the defendant wishes to avail himself of any facts that do not amount to such denial, as, for instance, that the plaintiff's remedy is suspended by adverse possession of defendant, if such distinction can be made, he must plead it. The necessity, then, of pleading the statute of limitations depends upon its effect, whether it merely suspends the remedy or vests in the defendant the absolute title to the property. If the latter, there is no more necessity of pleading it than though he held the plaintiff's title.

The effect of the statute in this regard is no longer open to question. Says Washburne (on Real Property, vol. 3, side p. 501): "In summing up the effect of an adverse possession continued for such a length of time as to operate as a statute bar to the claims of others to establish a title to lands, the language of the court in School Districts, etc., against Benson, 31 Me. 384, may be adopted. A legal title is equally valid when once acquired whether it be by disseizin or by deed; it vests the fee simple, although the modes of proof, when adduced to establish it, may differ." "An open, notorious, and adverse possession for twenty years would operate to convey a complete title as much as any written conveyance. * * The operation of the statute takes away the title of the real owner and transfers it * * to the adverse occupant."

The Supreme Court of Pennsylvania, in Moore v. Luce, 29 Penn. St. 262, says: "The statute of limitations gives a perfect title. It is a mistake to suppose that the person barred loses nothing but his remedy." The court speaks to the same effect, but more emphatically, in Schell v. W. V. R.R. Co., 35 Penn. St. 191. The same doctrine is held in Grant v. Fowler, 39 N. H. 101. The following is the syllabus in Hughes v. Graves, 39 Verm. 259: "The party who acquires a title to land under the statute by possession adverse to the true owner acquires all the

title of the true owner, precisely as if he had a deed from him."
This court, in Biddle v. Mellon, 13 Mo. 335, affirmed in Blair
v. Smith, 16 Mo. 273, has held the same doctrine, and all the
authorities are same way.

A plea of the statute of limitations, then, is simply a denial
of the plaintiff's title. It can have no other legal effect. It
need not be pleaded. See, upon this point, Ellis v. Murray, 28
Miss. 129, where the court says that "the defendant was there-
fore not required to plead the statute of limitations; and when
the seizin was denied the demandant was required to prove it
within the time prescribed." This case was followed in Lord v.
Wilson, 35 Mo. 490. See, also, Jackson on Real Actions, 157,
290; and Stearns on Real Actions, 241. The form of the
action for the possession of real estate in Massachusetts and other
eastern States differs from the action of ejectment, and so does
that under our code, but the same substantial issues are made and
result reached. In ejectment special pleas in bar are not allowed,
the general plea putting everything in issue. (1 Chitty, 597;
Adams on Ejectment, 270.) The present New York code (§ 74)
requires the statute to be always set up, while the Ohio and Kan-
sas codes (Ohio, § 559, and Kansas, § 596) substantially pro-
vide for the old issue. Our statute is silent upon the subject,
but, as a plea of the statute would be only setting up title in the
defendant, which is embraced in the denial of the plaintiff's right,
I can not see upon what principle it should be required. In per-
sonal actions the case is very different. *Actio non acrevit*, or
*non assumpsit infra sex annos*, is very different from, and is
not included in, a mere *non-assumpsit*—and in such actions it
is always necessary to plead the statute.

I have felt some embarrassment in considering this question,
from the opinion of Judge Holmes in Bauer v. Wagner, 39 Mo.
385. The decision in that case was clearly right; but the lan-
guage of the opinion indicates a view of the subject under dis-
cussion adverse to the conclusion to which I have arrived, in
holding it necessary to plead the statute, and to its supposed cor-
ollary that the title of the plaintiff is thereby admitted. I can
not but think that the truly learned judge was misled by the

authorities he cited which refer exclusively to personal actions, and that his attention failed to be arrested by the fact that possession under the statute absolutely divests the title of the plaintiff, and not his remedy merely.

In the trial of the case at bar, the plaintiff, to sustain his title, offered a deed from the sheriff, executed in 1849, for what he claims to be the land in controversy. The deed recites the levy upon certain land, but the description is so imperfect that nothing could pass by that alone; but it further recites that he gave notice of the time and place of sale, and of the real estate to be sold, by advertisement in the St. Louis Daily Union, etc., "a copy of which advertisement is hereto annexed, and makes part of this deed;" and, in the granting part, he transfers to the purchaser the interests of the defendant in execution "in and to the above-described real estate." The copy of the advertisement is attached by a wafer after the signature; and, in addition to the description in the recital of the levy, I find in it the following: "being the same property which was conveyed by the city of St. Louis to T. M. Knox, by deed recorded," etc. Among the exhibits offered was a transcript of this deed, marked "Exhibit B.," and from the description in it, and in several other deeds connected with it, testimony was offered to locate the land, which was rejected, and the court instructed the jury as follows: "The jury are instructed, as to the land described in the deed of the sheriff to the plaintiff Nelson, dated the 20th April, 1849, given in evidence by him, and described as containing fifty-two feet, more or less, front on the Carondelet road or avenue, by forty arpents in depth, in the Durand tract, that the plaintiff took no title under said deed to said land, because said deed was and is void for uncertainty in the description of said land, and the plaintiff is consequently not entitled to recover in the cause upon his evidence as made."

The uncertainty in the description of the land is given as the radical defect of the deed. So we are relieved from the necessity of examining the title of the execution of defendants, and must inquire whether this description is so uncertain as to make the conveyance worthless.

There is nothing technical in this matter of description. As land can not be bodily delivered, it can pass only by such descriptions as will identify it; and if a deed contains any language, whatever the style, that will enable one to do so, it is so far good. It is not necessary that this description be contained in the body of the deed; but if it refers, for identification, to some other instrument or document, as to another deed or map, it is sufficient. Or, if no reference be made, surveys, monuments, etc., must be ascertained, in order to locate the land. But while there is no technical rule in regard to the description, and the intention of the parties governs, it must be contained in the instrument or its references, expressed or implied, with such certainty that the locality of the land can be ascertained from it. As, if the description were ten acres, being part of a certain lot, it is uncertain what part of the lot is meant; but if it were ten acres of said lot next south of Richard Roe, then it may be capable of measurement, after finding the lot and Richard Roe's land; and, in finding the lot, or any lines or boundary referred to, any proper evidence is admissible. (See Kronenberger v. Hoffner *et al.*, *ante*, 185.)

It should be premised that the same presumption of intendment can not be inferred from a sheriff's deed as from a direct conveyance by the grantor. In the latter case the ambiguity is the grantor's fault; he has voluntarily sold his property and received the proceeds, and everything should be construed more strongly against him than his grantee. Judge Napton, in Hart v. Rector, 7 Mo. 534, remarks that a sale by process of law should be governed by very different rules from those which apply to an ordinary conveyance. There is in the present case no especial equitable consideration that should induce us to give more effect to the deed than its face imports.

In the case at bar, can the advertisement be treated as part of the description? It certainly may, if it is referred to for that purpose, but in giving the description there is no reference whatever to it. Is then the recital of the notice any part of the description? or is it made to show upon what the levy was made, or for the purpose of showing that legal notice was given before

the sale? Clearly, to prove the fact of the notice. In referring, then, in the granting part of the deed "to the above-described real estate," would any one naturally suppose that anything was referred to but the actual description alone given in the recital of the levy? Would the advertisement be once thought of in endeavoring to find the land levied on, unless referred to for that purpose? It seems clear to me it would not, and the reference "to the above-described real estate" meant, and could mean only, the real estate actually above described, and that description, in no way referring either directly or indirectly to the advertisement, is not modified or controlled by it. I have examined all the authorities referred to by plaintiff's counsel, and find none that will go the length of his claim, even in private deeds.

The judgment should be affirmed. Judge Currier concurs; Judge Wagner absent.