WILLIAM WALL et al., Plaintiffs in Error, v. WILLIAM SHINDLER et al., Defendants in Error.

1. *Lands and land titles — Adverse possession.* — An uninterrupted, notorious, adverse possession of ten years, under claim of title in fee, operates to vest in the claimant so holding possession the title to the claimed land, as effectually as though such title had been acquired by deed. And in suit by

Wall et al. v. Shindler et al.

claimant for the land, he is not estopped from setting up his possessory title in opposition to a paper title of defendant, by reason of his having procured a quit-claim deed to the property from defendant's grantor, when the purpose of that deed was not to defeat but to affirm existing rights;. as where it was given to remedy an error in the description contained in the original deed to defendant's grantor of the land actually sold and intended to be conveyed.

### Error to First District Court.

*Phillips & Vest*, with *Allen & Thornton*, for plaintiffs in error, insisted, among other propositions, that the acceptance of the quit-claim deed by defendants in error, in 1866, from Knox, was the recognition by them of a title in Knox, and precluded them from setting up an adverse possessory title. (Adams' Eject. 46–7, 56, and notes; 5 Johns. Ch. 353; 2 Hayes, 294; 12 Johns. 427, 430.)

*F. P. Wright*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment for the west half of the *southwest* fourth of section 26, township 43, range 25. It appears that in 1850 various lands of one Thomas Knox were sold on execution in Henry county, and that Wm. M. Wall, the plaintiffs' ancestor, through whom they claim, was present at the sale and made sundry purchases, one of the tracts bought by him being described in the sheriff's deed as the west half of the *northeast* fourth of said section. There was evidence tending to show that Wall supposed he had purchased the west half of the *southwest* fourth, and that he ever after acted upon that supposition; that is, from the date of the purchase in 1850 to the time of his death in 1865. The plaintiffs, however, show in their ancestor no paper title to the lot sued for. They rely wholly upon a title supposed to have been acquired by him in virtue of an adverse possession of more than ten years, under claim of title.

Some evidence was given at the trial tending to prove possession in Wall, under claim of title, from 1850 to 1865. The land was surveyed, taxes paid, and timber cut. Evidence was also given, notwithstanding the defendants' objections to it, tending

to show what occurred at the sheriff's sale in 1850, and that Wall bid on and bought in the land in question.   This oral evidence was of course inadmissible as showing title in Wall by purchase. It was, however, admissible for the purpose of pointing out the tract in fact claimed by him.   Whether the subsequent possession was of a character to make good the claim, is another matter.

The trial was by the court, and the court in effect declared the law to be that an uninterrupted, notorious, adverse possession of ten years under claim of title in fee operated to vest in the claimant so holding possession the title to the claimed land as effectually as though such title had been acquired by deed.   This proposition does not seem to be seriously contested, and there is no doubt of its substantial accuracy.  (3 Wash., 3d ed., 145, § 48 ; Ang. Lim. 460 ; Nelson v. Brodhack, 44 Mo. 600.)

That Wall in perfect good faith claimed the land sued for is not a matter, as shown by the evidence, within the range of reasonable doubt; and the court found the fact of the claim, as also of the adverse possession, in accordance with the hypothesis of the instructions.   The supposed adverse possession by Wall rests on very slight evidence, it must be confessed, but the weight and sufficiency of the evidence are not matters open for review in this court.   It is not claimed that there was an entire failure of evidence.

It is claimed, however, that the plaintiffs are estopped from setting up their possessory title in opposition to the paper title of Thomas Knox, which the defendants claim to hold.   It appears that the plaintiff, in March, 1866, took from Knox his quit-claim to the premises sued for.   Upon that fact the defendants base their view of an estoppel.

What might have been the effect of the acceptance by the plaintiffs of an ordinary deed from Knox, it is not necessary to consider.   The deed under consideration was not an ordinary deed.   It recited that Wall bought the land described in it at sheriff's sale in 1850 ; that the sheriff, in making his deed, erroneously described the land actually sold and intended to be conveyed, and that Knox's quit-claim was executed to remedy the error in the descriptive part of the sheriff's deed.   Knox's deed,

therefore, was designed not to defeat but to affirm existing rights. That was its object, and it should not be so construed as to frustrate the declared purposes of the parties to it. Its acceptance did not estop the grantees from asserting against the grantor the very rights sought to be established by the conveyance, or any other rights which may have been acquired by virtue of an adverse possession under the original conveyance by the sheriff.

The judgment will be affirmed. The other judges concur.