State of Missouri, to use of Demuth, v. Williams et al.

————————

STATE OF MISSOURI, TO USE OF CHRISTOPHER DEMUTH, Plaintiff in Error, v. THOMAS WILLIAMS et al., Defendants in Error.

1. *Practice, civil — Answer — New matter — Allegations, sufficiency of — Replication.*—In a suit on an attachment bond the petition averred generally that plaintiff in the attachment had failed to prosecute his action without delay and with effect; and further, that a judgment had been rendered for defendant in the transaction on a plea in abatement.

*Held,* that an allegation in the answer that the attachment suit was still pending on a motion for new trial, and undisposed of, set up no new matter requiring a replication.

In general, any fact which plaintiff is bound to prove in the first instance to sustain his action, is not new matter. In the case supposed, plaintiff, in order to show that defendant had failed to prosecute his action without delay and with effect, was bound to prove that the attachment suit had been finally disposed of.

2. *Practice, civil — Answer setting up new matter should confess and avoid.*— An answer setting up new matter by way of defense should confess and avoid.

*Error to Pettis Circuit Court.*

*Crandall & Sinnet*, for plaintiff in error.

I. A denial of any fact which the plaintiff must prove in order to recover is not new matter. (Stoddard v. Onondaga, 12 Barb. 573 ; Vassuer v. Livingston, 3 Kern. 248 ;. Wells v. Pike, 31 Mo. 590 ; Carpenter v. Meyers, 32 Mo. 213 ; Holtzbauer v. Hiene *et al.*, 37 Mo. 443.)

II. A writ of error or appeal will not lie from a judgment on a plea in abatement, and the motion for new trial was improperly filed. (Davis *et al.* v. Perry *et el.*, 46 Mo. 449.)

III. The bond here sued on was conditioned that the plaintiff in the attachment suit should prosecute his action without delay and with effect, and plaintiff's right of action accrued the moment the plea in abatement was decided in his favor and the attachment dismissed, without regard to the subsequent proceeding on the merits of the case. (Wagn. Stat. 182, § 7; *id.* 183, § 11; *id.* 189, § 42; Drake on Attach., § 170; Hayden v. Semple, 10 Mo. 215.)

*Snoddy & Bridges*, for defendants in error.

I. The court did right in excluding all evidence tending to controvert the new matter set up by defendant's answer. The same not having been controverted stood admitted by the pleadings. (2 Wagn. Stat. 1019, § 36; Butcher v. Death, 15 Mo. 271; Steil v. Ackli, *id.* 289 ; Roberts v. Munson, 20 Mo. 65.)

II. No cause of action accrued until the questions raised by the motion for a new trial and in arrest of judgment were disposed of, and so long as said motions were pending there was no final disposition of the plea in abatement. (Riddlesbarger v. McDaniel *et al.*, 38 Mo. 138 ; Gray v. Parker *et al.*, *id.* 160.)

III. Upon the motion of defendants for judgment in the pleadings, the court was bound to give the same. (Smith v. City of St. Joseph, 45 Mo. 449.)

CURRIER, Judge, delivered the opinion of the court.

This suit is founded upon an attachment bond. The petition sets out its condition, which was in the usual form, and alleges as a breach of it that the plaintiff in the attachment failed to prosecute the same without delay and with effect, in breach of the condition of said bond. It was, moreover, averred that the attachment was abated by the judgment of the court, upon the trial of the issues raised by an appropriate plea in abatement.

The answer admits the execution of the bond, but denies the alleged breach of it; admits also the judgment of the court abating the attachment, but alleges that such judgment was not final; that in due time motions in arrest and for a new trial were filed, and that such motions were still pending and undisposed of in the court where the judgment abating the attachment was rendered.

The plaintiff made no reply, and the parties went to trial upon the issues raised by the petition and answer; and upon the trial the court ruled upon the evidence, and gave and refused instructions upon the theory that the affirmative allegations of the answer introduced new matter constituting a defense to the action, and that the facts so averred, in the absence of a replication contesting them, stood admitted by the pleadings.

The question presented for consideration, therefore, is whether the affirmative allegations of the answer—to-wit, that the attachment suit was still pending and undisposed of — presented new matter constituting a defense to the plaintiff's action, which required a replication in order to put such new matter in issue. The general rule on this subject is that any fact which avoids the action, and which the plaintiff was not bound to prove in the first instance in support of it, is new matter. (Stoddard v. Methodist Church, 12 Barb. 573.) But a fact which merely negatives the averments of the petition is not new matter, and need not be replied to. Moreover, an answer setting up new matter, by way of defense, should confess and avoid the plaintiff's cause of action. (Bauer v. Wagner, 39 Mo. 385; and see Northrup v. Miss. Val. Ins. Co., 47 Mo. 435.)

An application of these views to the answer in this cause will show that it fails to set out new matter constituting a defense. That which is claimed to be new matter merely contradicts the averments of the petition in an indirect way. The petition avers that the plaintiff in the attachment suit had failed to prosecute that suit without delay and with effect—that is, to final judgment in his favor. In order to sustain the suit, therefore, it was necessary for the plaintiff to show that the attachment suit had been finally disposed of adversely to the plaintiff in that suit. The defendant, in effect, avers that the suit is not finally disposed of, but that the same is still pending, awaiting the judgment of the court upon a motion for a new trial. That is no confession and avoidance of the plaintiff's cause of action. It is an allegation to the effect that no cause of action ever accrued upon the bond sued upon. It is, for substance, a denial of the allegation of the petition that the plaintiff in the attachment suit had failed to prosecute that suit with effect and without delay. There was, therefore, nothing in the answer requiring a reply.

The other judges concurring, the judgment will be reversed and the cause remanded.