B. F. HULSEY, Plaintiff in Error, *vs.* THOMAS WOOD, Defendant in Error.

1. *Ejectment—Statute of limitations—Burden of proof.*—Plaintiff in ejectment makes out a *prima facie* case by proving his legal title. It is not necessary for him to go further and show a possession that could not be defeated by the statute of limitations. If defendant relied on the statute, it was incumbent on him to prove adverse possession.

*Appeal from Crawford Circuit Court.*

*J. R. Arnold,* for Plaintiff in Error.

*Clark & Seay,* for Defendant in Error, relied on Nelson vs. Broadhack, 44 Mo., 596 ; Ellis vs. Murray, 28 Miss., 129 ; Sternes Real Act., 241 ; Jackson Real Act., 157.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, and on a trial before the court, a jury having been waived, the plaintiff proved up a clear title to the premises. Whereupon the court, at the request of the defendant, declared the law to be, that it devolved upon the plaintiff to show that he, or those under whom he claimed, had been in possession of the land sued for within ten years next before the commencement of the suit, and the plaintiff having failed to show affirmatively that fact, he was not entitled to recover. A judgment was then rendered for the defendant, and the plaintiff sued out his writ of error.

It will be observed, that by this declaration the court not only required the plaintiff to prove a legal title to the land, but it required him to go further and to prove also, that he had a possession that could not be defeated by the statute of limitations. The court certainly mistook the law, and committed error in giving the declaration. When the plaintiff's evidence showed a legal title, he made out a case that entitled him to recover in the absence of countervailing testimony introduced in behalf of the defense. The defendant might have relied on the statute of limitations to defeat the action, but it would have been incumbent on him to have proved the

adverse possession.  The case of Nelson vs. Broadhack (44 Mo., 596), which it is contended supports the ruling of the court, is not an authority for the position assumed.  The real point decided in that case was that, the statute, where it operates, vests a good title; and that a defendant may avail himself of it by giving it in evidence without pleading it.  This doctrine is well settled, and any other view is founded on a misconception.

Let the judgment be reversed, and the cause remanded. The other judges concur.