CHARLES BROWN, Respondent, *v.* W. H. WALKER ET AL., Appellants.

### November 29, 1881.

1. In an action to collect back taxes, under the act of 1877, the circuit court does not exercise its jurisdiction in a special or summary manner, and its judgments therein are entitled to the same presumptions as attend its ordinary judgments.

2. In such a suit a single judgment against several distinct lots is erroneous; but the objection does not go to the jurisdiction.

3. In an ejectment suit, the fact that, in a back-tax suit, a single judgment was rendered against distinct lots, cannot be shown by parol, for the purpose of impeaching such judgment.

4. Mere irregularities in the suit which led to a sale under execution does not invalidate the sheriff's deed.

5. An imperfect description of land contained in the tax-bill, judgment, execution, and sheriff's deed, may, if the ambiguity is latent and susceptible of oral explanation, be made certain by extrinsic evidence; and it is

sufficient that the description is such that the land can be located by one acquainted with the plats and surveys.

6. In an action of ejectment by a purchaser at a tax-sale, the fact that the sheriff sold two lots together cannot be set up as a defence.

7. A judgment in ejectment is properly rendered against both the landlord and the tenant in possession.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER and E. J. O'BRIEN, for the appellants : The ambiguity on the face of the sheriff's deed is a patent ambiguity, and could not be removed by extrinsic evidence. — *Campbell* v. *Johnson*, 44 Mo. 247, 248 ; *Ware* v. *Johnson*, 66 Mo. 668 ; *Andrews* v. *Todd*, 50 N. H. 565. The deed from the sheriff under which respondent claims, is void for uncertainty. It vested no title in respondent to appellant's property, and the court below erroneously admitted it in evidence. — *Peck* v. *Mallams*, 10 N. Y. 532, and cases cited ; *Hill* v. *Mowray*, 6 Gray, 551 ; *Nelson* v. *Brodhack*, 44 Mo. 602 ; *King* v. *Fink*, 51 Mo. 209 ; *Bell* v. *Dawson*, 32 Mo. 79. The judgment of the circuit court in the tax-case is a nullity upon its face, the same being void for uncertainty in the description of the lands in question, and because the same is *in personam* against the owner when it should be *in rem* against each lot, and because it is in the aggregate instead of severalty on each particular lot. — *Olcott* v. *The State*, 10 Ill. 481 ; *Pidgeon* v. *The State*, 36 Ill. 249. A tax-deed embracing several distinct tracts of land in its recital, and that two or more separate lots were sold *en masse* for a gross sum, is void on its face, and cannot be contradicted by evidence *aliunde*. — *Walker* v. *Morse*, 2 Dill. 256 ; *Ryan* v. *Cook*, 21 Iowa, 393 ; *Ferguson* v. *Heath*, 21 Iowa, 438 ; *Harper* v. *Sexton*, 22 Iowa, 442 ; *Ashley* v. *Sexton*, 24 Iowa, 320 ; *Hall* v. *Dodge*, 18 Kan. 277 ; *Pettus* v. *Wallace*, 29 Ark. 476. The facts essential to the exercise of the special jurisdiction of the court in

these cases must appear upon the record. — *Galpin* v. *Page*, 18 Wall. 364 *et seq.*; *Jordan* v. *Giblin*, 12 Cal. 100.

D. W. SADLER, for the respondent: Irregularities in proceedings leading to a judgment and sale under execution, do not render the sale and the sheriff's deed void. — *Rector* v. *Hartt*, 8 Mo. 448; *Lissa* v. *Lindell*, 21 Mo. 127; *Wellshear* v. *Kelley*, 69 Mo. 343; *Bouldin* v. *Ewart*, 63 Mo. 330. In ejectment the identity and location of the property may be established by parol evidence. — *Webster* v. *Blunt*, 39 Mo. 500; *Surget* v. *Little*, 5 Smed. & M. 319; *Shall* v. *Miller*, 3 Wheat. 250; *Parker* v. *Moon*, 13 Vt. 183. A sheriff's deed cannot be assailed in ejectment by facts *dehors* the record. — *Hardin* v. *Ganse*, 53 Mo. 255; *Groner* v. *Smith*, 49 Mo. 318. Nor can it be assailed for irregularities in the record. — *Norton* v. *Quinby*, 49 Mo. 388; *Whitman* v. *Fay*, 60 Mo. 127.

THOMPSON, J., delivered the opinion of the court.

This is an action of ejectment. The plaintiff had judgment in the circuit court, and the defendants appeal. The defendant Walker claimed the property as owner, and the defendant Creeley was his tenant. There was a third defendant, Anderson, but the suit was dismissed as to him. The plaintiff claims title to the property in controversy by virtue of a sheriff's deed executed and delivered to him as purchaser at a sheriff's sale, under a special execution issued in pursuance of a judgment rendered in the circuit court of the city of St. Louis, against the defendant Walker and the property in controversy, under the act of April 12, 1877, known as the "Back-Tax Law." The proceedings which resulted in this sale appear to have been taken, in all respects, in strict conformity with the statute, save as to an alleged irregularity in the description of the property itself. This irregularity, if it be such, runs through the whole proceedings, and it is this: In the petition in the back-tax suit; in the order of publication thereupon, in the publication as

made in the newspaper designated for that purpose, in the judgment of the court, in the special execution which issued thereupon, and in the deed from the sheriff to the plaintiff as purchaser at the execution sale, the land is described as "lot numbered thirty-eight, and the west part of lot numbered thirty-seven, of block No. two of the Wash Estate Addition to the city of St. Louis."

The position of the defendants' counsel, as we understand it, is, first, that the circuit court of the city of St. Louis had no jurisdiction to render the judgment, because it appears that the proceeding was instituted to enforce a single assessment and levy of taxes against two lots, or, what is equivalent to the same, against one lot and part of another lot; whereas, the act of 1872 requires a separate assessment and levy of taxes against each lot, and the act of 1877 contemplates a separate proceeding against each lot or portion of a lot. If we rightly understand the defendants' counsel, they also claim that, by reason of the vagueness and uncertainty in the description of the property in the petition, the circuit court acquired no jurisdiction at all to proceed in the case. But, aside from this, it is claimed that the sheriff had no power to sell the lot in question and the part of another lot in a lump, under a single judgment and levy for taxes, and that for this reason his deed is void. It is also contended that the sheriff's deed does not contain a description of the property which it attempts to convey to the plaintiff of sufficient certainty that it can be identified.

In our opinion, none of these positions are well taken. We will state and consider them separately, as we understand them. 1. Was the judgment against Walker in the back-tax suit void for want of jurisdiction? The defendants' counsel contend that it was, and they base their contention on the doctrine that, although the circuit court is a court of general jurisdiction, yet when it proceeds to exercise a special power created by statute, in a summary

manner, contrary to the ordinary course of a court of common law or of equity, it is to be treated, in respect of the presumptions which support its jurisdiction when its judgments or decrees are collaterally assailed, as a court of special or limited jurisdiction ; so that nothing will be presumed in favor of its jurisdiction, but all necessary jurisdictional facts must be made to appear by its record. This proposition of law is not at all questioned. It was considered at length by this court in the recent case of *Werz* v. *Werz* ( *ante*, p. 26) ; and although one of the judges disagreed as to the result, there was no disagreement as to this general proposition. There could not have been ; it is a well-settled principle of jurisprudence. The rule there laid down was in conformity with the rule laid down by the supreme court of the United States in *Galpin* v. *Page* (18 Wall. 364), that where a court of general jurisdiction is clothed by statute with a special power or jurisdiction, which it proceeds to exercise, not in a summary manner, but in the same manner in which it exercises its general jurisdiction, the same presumptions attend its jurisdiction, in the silence of its record, when its judgments or decrees are collaterally assailed, as in the case of judgments or decrees rendered in the exercise of its ordinary and general jurisdiction.

We have then to consider whether a suit brought in the circuit court to collect delinquent taxes under the act of April 12, 1877, is a suit in which the circuit court exercises the jurisdiction conferred by that statute in the way it exercises its ordinary jurisdiction, or in a special or summary manner, in derogation of the common law. There can be no doubt whatever as to how this question must be answered. There is no difference whatever between such a proceeding and an ordinary suit in the circuit court, commenced, in case of resident defendants, by summons, and in case of non-resident defendants, by attachment and publication. The same incidents attend the progress of such a

suit as those which attend the progress of ordinary suits in the circuit court. The proceeding is begun by a formal petition. A summons issues against the owner of the property. If he can be found within the jurisdiction, it is served upon him, and he thus has actual notice of the proceeding. If he cannot be found within the jurisdiction, it is so returned, and then a formal publication is made in a newspaper, notifying him of the commencement of the suit against him, and of its general objects and purposes. He is allowed to appear in court and plead, answer, or demur to the petition. A formal trial is had, and, if judgment is rendered against him, he has his right of appeal to this court or to the supreme court, as in other cases. This is apparent from the language of the statute itself. Section 6 provides that " all notices and process in suits under this act shall be sued out and served in the same manner as in civil actions in circuit courts; and in case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. In all suits under this act the general laws of the state as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this act." An examination of the great mass of American decisions in which proceedings to enforce the collection of taxes have been held to be special and summary in their nature, so that every step must be taken in strict conformity with the statute, in order to pass a good title to the purchaser at the tax-sale, will show that they differ radically from this proceeding in this, that in those proceedings the owner or claimant of the property had no day in court, no opportunity to defend, and no right of appeal; in short, that those were summary and *ex parte* proceedings to condemn land for the payment of taxes, while this is an ordinary suit brought by the state to enforce its lien for its revenue.

We need not pursue this question further.    If there could be any doubt about it upon principle, it is concluded by the decision of the supreme court in *Wellshear* v. *Kelley* ( 69 Mo. 343, 353 ), where it was held, as we understand the decision, that the judgment of the circuit court in a proceeding under the act of 1877, to enforce the collection of delinquent taxes, is, when collaterally assailed by the defendant in an action of ejectment brought by one who has purchased the land at a sale under such a judgment, entitled to the same presumptions which attend the ordinary judgments of the circuit court.

The inquiry, then, is not, whether it affirmatively appears from the record put in evidence in this case, that the circuit court *had* jurisdiction in the back-tax suit, but, whether it affirmatively appears from this record that it had *no* such jurisdiction.    What affirmative fact is shown by the record in the back-tax suit which constitutes such a material departure from the terms prescribed by the statute as to oust the court of its jurisdiction?    Is it that there was a proceeding and judgment for a single levy against two distinct parcels collectively, whereas a separate proceeding should have been taken against each, though in the same suit, and the judgment should have ascertained the amount chargeable against each, and that each should have been separately sold for the amount so charged against it?    If objection for this reason had been properly made in the back-tax suit, and it had there sufficiently appeared that lot 38 and the west part of lot 37 of the Wash Estate Addition to the city of St. Louis were in fact to be treated as two separate lots or parcels, then a single judgment charging them collectively as one tract with a lien for a single sum, would undoubtedly have been erroneous.    *The State ex rel.* v. *Kerr,* 8 Mo. App. 125 ; *The State ex rel.* v. *Bridge Co.,* 8 Mo. App. 599. But that would have been an objection going, not to the jurisdiction, but to the regularity of the proceedings.    This is perfectly obvious, when it is considered that if the obliga-

tion had been made, it might have been shown against it, that, although platted separately, the plaintiff had used the whole tract as a single lot in such manner that a subdivision of it, according to the original platting, for the purpose of a sale for taxes, would be impracticable. In such a case the reason of the rule which requires a separate levy and a separate proceeding against each lot, would fail, and the rule itself would fall with it. *Kemper* v. *King*, *ante*, p. 116. The defendant has, indeed, attempted to show that the west part of lot 37 could have been sold separately from lot 38. He has introduced evidence tending to show that the house which had been built upon the ground stood wholly upon lot 38. But this evidence was wholly inadmissible, and was rightly held so by the circuit court; for it was simply an attempt to introduce in this action of ejectment, for the purpose of impeaching the judgment of the court in the back-tax suit, defensive matter which, if good, should have been introduced in that suit. It is not competent to impeach the judgments of courts of general jurisdiction, nor even a sheriff's deed, by parol evidence, collaterally, in this way. *Groner* v. *Smith*, 49 Mo. 318; *Hardin* v. *McCanse*, 53 Mo. 255. The most that can be said of the fact that the proceeding was taken against both lots together is that it was an irregularity; and it is well settled that a sheriff's deed cannot be invalidated by mere irregularities in the suit which led to the sheriff's sale. *Norton* v. *Quimby*, 45 Mo. 388; *Waddell* v. *Williams*, 50 Mo. 216; *Hewitt* v. *Weatherby*, 57 Mo. 276; *Whitman* v. *Taylor*, 60 Mo. 127.

Then, as we gather the defendants' positions from their brief, they claim that the description of the land — which, as before stated, runs through all the proceedings — is so indefinite as to make the judgment itself void for uncertainty, or possibly, for want of jurisdiction. A proceeding against a non-resident under the back-tax law of 1877, is somewhat analogous to a proceeding by foreign attachment where

land is the subject of the levy and the defendant is not served with process.  We think it may be conceded that, in such a case, if the land were so imperfectly described in the tax-bill, in the subsequent judgment, special execution, and sheriff's deed, as to be incapable of identification by extrinsic evidence under the rule governing in such cases, the purchaser at sheriff's sale could not recover in ejectment. And as, in such cases, a valid levy is essential to the jurisdiction of the court, we think it might be said that the whole proceeding would be void for want of jurisdiction. *Norvell* v. *Porter*, 62 Mo. 309.

We concede, for the purposes of the present case, that the same rule ought to apply here.  But we do not think there is any such ambiguity in the description of the property proceeded against in the back-tax suit in this case as brings it within the rule.  The rule itself is very well settled.  If the land granted be so inaccurately described as to render its identity wholly uncertain, then it is admitted that the grant is void.  *Boardman* v. *Reed*, 6 Pet. 328.  But, to have this effect, the ambiguity must be patent and appear on the face of the instrument; the uncertainty must not appear by matter outside.  *Hardy* v. *Matthews*, 38 Mo. 121;  *Campbell* v. *Johnson*, 44 Mo. 250.  "There is nothing technical," said Bliss, J., "in this matter of description.  As land cannot be bodily delivered, it can pass only by such description as will identify it; and if a deed contains anything, whatever the style, that will enable one to do so, it is so far good.  It is not necessary that this description be contained in the body of the deed; but if it refers, for identification, to some other instrument or document, as to another deed, or map, it is sufficient.  Or, if no reference be made, surveys, monuments, etc., must be ascertained in order to locate the land.  But while there is no technical rule in regard to the description, and the intention of the parties governs, it must be contained in the instrument or its references, expressed or implied with such

certainty that the locality of the land can be ascertained from it. As, if the description were ten acres, being part of a certain lot, it is uncertain what part of the lot is meant; but if it were ten acres of said lot next south of Richard Roe, then it may be capable of measurement, after finding the lot and Richard Roe's land; and in finding the lot or any lines or boundary referred to, any proper evidence is admissible." Nelson v. Brodhack, 44 Mo. 602, 603. "It should be premised," continued the court, " that the same presumption of intendment cannot be inferred from a sheriff's deed as from a direct conveyance by a grantor. In the latter case the ambiguity is the grantor's fault; he has voluntarily sold his property and received the proceeds, and everything should be construed more strongly against him than his grantee. * * * There is in the present case no especial equitable consideration that should induce us to give more effect to the deed than its face imports." 44 Mo. 603 (quoting similar remarks of Napton, J., in Hart v. Rector, 7 Mo. 534). An examination of the description contained in the deeds where this rule has been invoked will show very clearly that, in this case, the description is not void for uncertainty, but that it is such a description as is capable of being made certain by extrinsic evidence. Such evidence has been invoked in this case. An experienced surveyor has testified that the land described in the sheriff's deed is the same as that described in the deed of Walker's grantor to him. And, although he testified that no one but a surveyor could locate the property unless he was familiar with the plats and survey, yet this does not at all affect the question; it is entirely sufficient that the description was sufficiently certain that the property could be located by a surveyor, or by one acquainted with the plats and survey.

This also disposes of the objection that the description of the property contained in the sheriff's deed rendered that

instrument void for uncertainty. The ambiguity was a latent one, such as could be made certain by parol explanation, and this explanation has been given by a competent witness in the present case.

The objection that the sheriff sold the two parcels of ground together, as one lot, is one that cannot be taken in this collateral proceeding. In a case on all fours with this, it was held that the neglect of the sheriff to sell the land by the smallest legal subdivisions did not invalidate the sale. The defendant might, on motion, have set it aside for failure of the sheriff to comply with the direction of the statute, but he could not wait till an action of ejectment had been brought against him by the purchaser and then set it up as a defence to such action. *Wellshear* v. *Kelley*, 69 Mo. 343, 355.

The judgment is a joint one against both defendants, one of them landlord and the other tenant, for possession of the property and for rents and profits. We see no error in this. The action of ejectment is a possessory action. In theory of the law both defendants are wrong-doers. The action, under the statute, is properly brought against the person in possession (Rev. Stats., sect. 2242), and the judgment is properly rendered for the recovery of the premises and for rents and profits. Rev. Stats., sect. 2255. If this works a hardship to a person holding merely as a tenant, he may protect himself by surrendering possession to the plaintiff in ejectment as soon as the claim of the latter is made known to him. Rev. Stats., sect. 2252. See Tyler on Eject. 841.

The judgment is accordingly affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.