## JOHN H. RANKIN, Appellant, v. PORTER REAL ESTATE COMPANY.

### Division One, November 21, 1906.

1. **CITY TAXES: Execution for State and County: Ejectment.** The city collector has no right to sue for state and county taxes, but where the petition declared for city taxes, and the summons was personally served, and the judgment by default was simply for taxes, the fact that the execution recited that the judgment was "for certain delinquent state, county and special taxes and interest" will not avoid the judgment in a collateral proceeding, like ejectment by the purchaser at the tax sale.

2. **———: Suit by State: Judgment by Default: Collateral Attack.** Whether or not a suit for city taxes can be maintained in the name of the State, is not for determination in a collateral proceeding, like ejectment, brought by the purchaser at the tax suit, where there was personal service. The question of the right of the State to enforce a lien for city taxes, should have been raised by proper plea in the tax proceeding; and if not raised there, the validity of the judgment lien cannot be assailed, in the collateral proceeding, after judgment, execution and sale.

3. ————: **Variance: Judgment and Execution.** Where the petition was for city taxes and the judgment was simply for taxes and the execution was "for state, county and special taxes," there was such a variance between the judgment and execution as rendered void the execution and proceedings thereunder. A tax proceeding is an action to enforce a lien, and not one merely for debt; and a judgment cannot be a lien for one thing, and the execution be to enforce a lien for another thing. And that variance will defeat ejectment brought by the purchaser at the tax sale.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

REVERSED AND REMANDED (*with directions*).

*Sangree & Bohling* and *A. L. Ross* for appellant.

(1) The tax deeds under which defendant claims purport to have been executed in pursuance of the judgment recovered by the collector of the city of Sedalia, for state, county and special taxes, and is therefore void upon its face. The only persons authorized to sue for state, county and special taxes are the county collectors of their respective counties. R. S. 1899, sec. 9302. In cities of the third class, to which the city of Sedalia belongs, it is made the duty of the city collector to sue for delinquent city taxes. R. S. 1899, sec. 5812; Blackwell on Tax Titles, p. 369, sec. 4, p. 368, sec. 5; Black on Tax Titles (2 Ed.), sec. 399; Duffy v. O'Reiley, 88 Mo. 424. So that although no form for the deed is prescribed, by the statute, yet, as it must, even in such cases, recite the power under which it is made (Blackwell on Tax Titles, sec. 5, p. 406), and as the "form must be adjusted to the facts in each case," it must follow that the circuit court did not err in holding the deed void. If a tax deed contains any recital showing that the statutory requirements have not been fulfilled, it is void. Burden v. Taylor, 124 Mo. 12; Loring v. Boomer, 142 Mo. 1; Mason v. Crowder, 85 Mo. 526; Einstein v. Gay, 45 Mo. 62. A tax deed should

contain recital showing compliance with the statutory requirements. Western v. Flanigan, 120 Mo. 61; Burden v. Taylor, 124 Mo. 12; Pitkin v. Shacklett, 106 Mo. 571. (2) The court erred in admitting the execution in evidence, which shows upon its face that it is an execution issued on a judgment obtained by the collector of the city of Sedalia for state and county delinquent taxes. Authorities cited above. (3) The court erred in admitting tax judgment in evidence, wherein it was decreed that the lien of the State be enforced. The State has no lien for delinquent city taxes. The city of Sedalia is a city of the third class. Of this fact the court will take judicial notice. R. S. 1899, sec. 5751; Jackson v. Railroad, 157 Mo. 621; R. S. 1899, sec. 1545; Laws 1903, p. 65; R. S. 1899, sec. 5812. Where the charter of a city gives the city a lien for delinquent city taxes the city and not the State has a lien. City of Kansas v. Payne, 71 Mo. 159; City of Jefferson v. Whipple, 71 Mo. 519. It follows that the judgment in which it is decreed that the lien of the · State be foreclosed, instead of the city, is defective and void. The tax deed is likewise void for the same reason. (4) The tax petition which prays for the enforcement of the lien of the State instead of the lien of the city is void.

*Montgomery & Montgomery* for respondent.

(1) The State had a lien for the taxes due and delinquent to the city. Sec. 182, Laws 1872, p. 119. These provisions were continued in the subsequent statutes unchanged. Sec. 7676, R. S. 1889. The State has a lien for all taxes whether state, county or city, even in the absence of any statutes. State ex rel. v. Tittman, 103 Mo. 567. The case cited by appellant, City of Kansas v. Payne, 71 Mo. 159, is not in point, because by an amendment to the charter of Kansas City made in 1875 a lien for its taxes was specially conferred upon Kansas City, and this was not affected or repealed by the subsequent enactment, and the Payne case was under

the provisions of the amendatory act transferring the lien of the State to Kansas City and authorizing it to enforce such lien in its own name. State ex rel. v. Sheppard, 74 Mo. 314; State ex rel. v. Van Every, 75 Mo. 531. The other case cited by appellant, that of the city of Jefferson against Whipple, is not in point because it simply decides that the city of Jefferson, not having been given any such right in its charter or by a statute, had no power to enforce the lien of the State for taxes in its own name. (2) The authorities cited by appellant to overthrow in this collateral proceeding the judgment of the circuit court of Pettis county, with one exception are cases arising under the old revenue laws prior to the amendment of April 12, 1877. This judgment was in a court of original, general jurisdiction and the defendant brought in by a proper process, and to admit evidence or to hold to the same strictness in this proceeding as in those under the old repealed statutes which were conducted in a court of special and limited jurisdiction would be to destroy the force and effect of a judgment of a court of general jurisdiction and would subvert the act of 1877 and render nugatory its most commendable provisions. Ewart v. Lumber & Mining Co., 92 S. W. 376; Bibbs v. Suthern, 116 Mo. 219; Allen v. McCabe, 93 Mo. 143. (3) The proceedings attacked by appellant were had in a court of general jurisdiction; personal service was had upon the defendant; an innocent purchaser acquired the property under the judgment and execution issued thereon; this is a collateral attack. Under these circumstances the judgment, as long as it stands unreversed, cannot be impeached in a collateral proceeding on account of mere irregularities not going to the jurisdiction. Lovitt v. Russell, 138 Mo. 482; Union Depot Co. v. Frederick, 117 Mo. 150; Grey v. Bowles, 74 Mo. 423; Hope v. Blair, 105 Mo. 93; Jones v. Driskill, 94 Mo. 198; State ex rel. v. Sanford, 127 Mo. 371; State ex rel. v. Railroad, 169 Mo. 573. (4) The execution was regular on

its face and the purchaser was required to look no further and the misrecital no wise affected its regularity. Cabell v. Grubbs, 48 Mo. 356; Howard v. Stevenson, 11 Mo. App. 410. It appears from the writ and all the other facts that it was enforced as an execution upon the very judgment rendered. This is not denied by respondent, and his brief proceeds upon this theory. In such cases the courts disregard such variances, and they are only regarded as errors, not rendering the proceedings void and not affecting the title passed by the sheriff's deed. Davis v. Kline, 73 Mo. 313; Stewart v. Severance, 43 Mo. 330; Ellis v. Jones, 51 Mo. 189; Landis v. Perkins, 12 Mo. 260.

GRAVES, J.—Plaintiff brings ejectment against defendant to recover a lot in the city of Sedalia. Petition in ordinary form. Answer a general denial. Jury waived, and a trial by court, resulting in a judgment for defendant, from which plaintiff appeals.

By stipulation it appears that defendant was in possession at the institution of the suit and at the date of trial; that the title of the lot was in plaintiff and that he was entitled to recover unless he had been divested of title by a certain tax deed of date September 8, 1896. Plaintiff introduced the written stipulation and rested.

Defendant then introduced this tax deed mentioned in the stipulation, together with the petition, summons and return, judgment, execution and report of sale in the tax proceeding. This tax proceeding was, according to the petition, entitled: "The State of Missouri, at the relation and to the use of V. P. Hart, Collector of the City of Sedalia, Plaintiff, vs. John H. Rankin, Defendant." The summons was so entitled. Personal service was had and judgment taken by default; the petition declares for city taxes; the judgment is for taxes without designating the kind of taxes. The execution recites that the judgment was for "cer-

tain delinquent state, county and special taxes and interest,'' and for certain costs, and declares a special lien upon the lot in question. The deed contains the same recitals as are found in the execution as hereinabove set out. Timely and proper objections were made to the introduction of all this documentary evidence, and exceptions properly saved. The above sufficiently details the facts for a consideration of all the points raised by counsel.

I. Appellant contends that, if the judgment is for state and county taxes, it is void for the reason that the collector of the city of Sedalia has no right to sue for and collect such taxes. It is true that the relator in the tax proceeding, the collector of the city of Sedalia, had no right to sue for state and county taxes, but in this case the defendant was properly served with process, and had the city collector sued for state and county taxes, which he did not do, the proper time to have raised that question would have been by demurrer prior to judgment. The defendant in the tax proceeding made no appearance, and had the petition demanded judgment for state and county taxes and the judgment had been entered in accordance with the petition, no complaint could afterwards be urged against the judgment. The defendant had an opportunity for his say in court upon that question, but having ''sinned away'' his day of grace, cannot now be heard in a collateral attack upon the judgment.

II. It is also further contended that at the time the tax proceeding was instituted, by an amendment of the statutes, the lien for city taxes was given to the city of Sedalia, and the suit could not be maintained in the name of the State for city taxes, and for that reason the judgment is void. What has been said above as to appellant's first contention applies with equal force in reply to this second contention. If the suit was for city taxes, as in fact it was, then the defendant in the tax

proceeding should have raised by proper plea the question of the right of the State to enforce the lien for city taxes. This was not done, and judgment followed. John Jones may not have a right to enforce a lien against my property, but if he brings suit so to do, and I, after being duly served with process, permit him to obtain a judgment enforcing the lien, I would be in no position to attack the judgment collaterally. This second contention is therefore ruled against the appellant, without however expressing any opinion upon the question as to whether or not suits for city taxes must be brought in the name of the city rather than in the name of the State. It is not necessary for the disposition of the case at bar to pass upon that point.

III. We are of opinion that the serious question in this case is the variance between the judgment and the execution. A tax proceeding is an action to enforce a lien and not a mere action to recover the amount of a debt. This judgment enforcing the lien should state facts sufficient to show for what taxes the lien is being enforced. The tax judgment involved here simply recites that it is for "taxes" without specifying the kind of taxes. The defendant introduced with the judgment the petition, which claimed a lien and judgment for city taxes only. That judgment must be based upon the petition and the evidence, is a rule of law well founded. Now, if we read into this judgment, which we think we have a right to do, the allegations of the petition upon which it is based, we have a judgment enforcing a lien for city taxes. Then when we look at the execution, we find that it purports to be issued upon a judgment enforcing a lien for "state, county and special taxes," a clear variance. Suppose this execution had actually been presented to Rankin for payment, wouldn't he have had the right to say to the officer, "You have no such judgment against me. The State sued me to enforce a lien for city taxes and got such a judgment, but

your execution does not describe the judgment which was procured against me.''

You cannot procure a lien for one thing by your judgment and by execution enforce a lien for another and different thing. Executions must be founded upon and properly describe the judgment, for otherwise they are without force.

In our judgment the execution in this tax case, and the proceedings thereunder, are void, and so holding, it follows that the judgment of the circuit court should be reversed and the cause remanded with directions to enter judgment for the plaintiff and it is so ordered.

All concur.