W. M. CARNER et al., Plaintiffs (J. R. BREWER, Appellant) v. S. J. ROGERS et al., Respondents.

St. Louis Court of Appeals.    Submitted on Briefs June 3, 1914.
Opinion Filed June 20, 1914.

1. COSTS: Liability of Sureties: Sufficiency of Judgment. A judgment reciting that plaintiff voluntarily dismissed his action and that it was ordered and adjudged that defendants be discharged and that they recover of plaintiffs the costs and have execution therefor, was sufficient to sustain a fee-bill or an

execution against plaintiffs for the costs taxed, but was insufficient to sustain an execution against the sureties on plaintiff's cost bond, since it does not purport to be a judgment against them.

2. ————: Cost Bond: Right to Recover on Bond. A judgment against plaintiffs for costs taxed upon his dismissal of the suit, which made no reference to the sureties on plaintiffs' cost bond, was not a bar to the maintenance of an action on the bond for such costs.

3. EXECUTIONS: Necessity of Judgment. An execution must be supported by a valid judgment.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*J. R. Brewer pro se.*

The execution was void because it does not properly describe the judgment on which it was issued. Executions must be founded upon and properly describe the judgment, for otherwise they are without force. Rankin v. Real Estate Co., 199 Mo. 352.

*Ward & Collins* for respondent.

REYNOLDS, P. J.—It appears that in a case wherein W. M. Carner et al. were plaintiffs, and S. J. Rogers et al. were defendants (and so the parties are designated in the cause, in the judgment and in the execution), an alias execution was issued wherein it is recited that certain officers of court and a printer or publisher of a paper named had recovered against W. M. Carner, Lydia Sisk, Millie Carner and Belle Carner, plaintiffs, and Everett Reeves and J. R. Brewer, "securities" on their cost bond, the sum of $58.11 for their debt, interest and costs. The execution directed to the sheriff of the county of Pemiscot commanded him that of the goods and chattels of the plaintiffs named, and Everett Reeves and J. R. Brewer, "securities on their cost bond," he cause to be made the aforesaid debt,

interest and costs, etc. An itemized fee bill is attached. After the issue of the alias execution it appears that J. R. Brewer, named as a party in that execution as surety on the cost bond, moved the court to quash that execution on the ground that it is not supported by any judgment. The motion was heard by the court, the alias execution, the judgment in the case of W. M. Carner et al. v. S. J. Rogers et al., being introduced, it being conceded that that was the only judgment in the case, and certain unimportant oral evidence as to Brewer having directed the issue of the execution being also introduced. At the conclusion of the hearing the court overruled the motion to quash. Excepting to the action of the court and filing a motion for a new trial and in arrest, one of the parties named in the execution, J. R. Brewer, has duly perfected his appeal to this court.

The only judgment introduced in evidence which it is claimed supports this execution is as follows:

"W. M. Carner et al., Plaintiffs,

v.

S. J. Rogers et al., Defendants.

Come now the plaintiffs by attorney and voluntarily dismiss their cause of action. Thereupon it is ordered and adjudged by the court that the defendants be discharged from further answering herein and go hence without day. It is further ordered by the court that the defendants recover of the plaintiffs the costs in this suit and hereof have execution."

This is a judgment in favor of defendants and against plaintiffs in the cause. Under it it would be entirely proper to issue a fee bill or an execution against the plaintiffs and in favor of the officers and printer for costs in the case, costs having been adjudged against the plaintiffs. But neither Brewer nor Reeves are included in or concluded by that judgment on the cost bond, if they were parties to that bond as

sureties. It is elementary law that an execution is only to be supported by a valid judgment.

It is said by our Supreme Court in Rankin v. Porter Real Estate Co., 199 Mo. 345, 97 S. W. 877, not only that executions must be founded upon but that they must "properly describe the judgment," otherwise they are without force. Says Judge GRAVES in that case: "You cannot procure a lien for one thing by your judgment and by execution enforce a lien for another and different thing." If it was intended in this case to obtain a judgment on the cost bond, as against the sureties, that could easily have been done by entering the judgment of dismissal and adjudging costs against plaintiffs and their sureties, naming the sureties as such. This was not done. The judgment does not purport to be a judgment against the sureties, either as sureties on the cost bond or in any other capacity. It is still open to defendants, or the officers, to bring action on the cost bond—if right of action is not barred by limitation. [Calhoun v. Gray, 150 Mo. App. 591, 131 S. W. 478.]

As the execution, accurately the alias execution, in this case, is not shown to be supported by any judgment as against the sureties, it should have been quashed. It was error in the circuit court to refuse to do that. The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.,* concur.