WELLSHEAR v. KELLEY, *Appellant.*

1. **Suit for Back Taxes**: PLEADING. A petition in a suit by the collector to recover back taxes, under the act of April 12th, 1877, (Sess. Acts 1877, p. 384,) should expressly allege that the land had been returned delinquent, or had been forfeited to the State; but where it may be gathered from its allegations that such is the fact, the petition will be good after verdict.

2. **Judgment not Collaterally Assailable.** The validity of a judgment rendered in such a suit cannot be attacked in a collateral proceeding for defect of the petition in that case in failing to allege that the land had been returned delinquent, or had been forfeited to the State, or in failing to allege that the county clerk, within the time provided by the act, had made out a back tax book and delivered it to the collector, and that the land was contained in this book, and remained unredeemed, or in failing to allege that the suit was against the owner of the land.

3. ———: JURISDICTION OF THE CIRCUIT COURT. The circuit court has jurisdiction, under the act of 1877, to hear and determine suits for back taxes.

4. ———: JUDGMENT NOT COLLATERALLY ASSAILABLE: LIMITATIONS. The validity of a judgment rendered in such a suit cannot be attacked in a collateral proceeding by showing that it appeared upon the face of the petition in that case that a portion of the taxes sued for and embraced in the judgment, were barred by the statute of limitations, supposing that statute to be a good defense as against the State.

5. ———: PRESUMPTIONS IN FAVOR OF SHERIFF'S PROCEEDINGS. It seems that the same presumptions exist in favor of the validity of the

proceedings of a sheriff in enforcing an execution from the circuit court in a tax case, as in other cases.

6. ———: PRACTICE. Judgment may be rendered at the first term in a tax suit under the act of 1877.

7. ———: PROCESS. A notice of suit given in a tax case by publication examined and held to be good, at least when called in question collaterally.

8. **Back tax act, Constitutional.** The act of 1877 to provide for collection of delinquent taxes, is not unconstitutional as being retrospective in its operation.

9. **Execution Sale for Taxes:** EJECTMENT. The fact that at a sale under execution in a tax case the sheriff failed to sell the land by its smallest legal subdivisions, is no defense to an action of ejectment brought by the purchaser to recover possession.

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

*Norman Gibbs* for appellant.

1.   The circuit court had no jurisdiction.  Const. of Mo., art. 6, § 22 ; Wag. Stat., § 2, p. 430 : Laws 1877, pp. 384, 389, §§ 2, 5, 6, 14; Wag. Stat., § 226, p. 1209 ; § 184, p. 1197 ; § 182, p. 1196 ; Laws 1877, p. 376 ; House Jour. 1877, pp. 552, 553, 815 ; Senate Jour. 1877, p. 349.

2.   The petition in the tax suit against Mary A. Henry is fatally defective. [The grounds urged are stated in the opinion.] In proceedings to enforce the collection of taxes there are no presumptions in favor of the validity of the proceedings or the power of the officers. All the facts which are essential to the exercise of the power must affirmatively appear on the face of the record; they cannot be supplied by proof or made out by intendment. Blackwell Tax Titles, (2 Ed.) 39, 40, 43, 44, 52, 53, 65 ; *Nelson v. Goebel,* 17 Mo. 161 ; *Donohoe v. Hartless,* 33 Mo. 335 ; *Lagroue v. Rains,* 48 Mo. 536 ; *Large v. Fisher,* 49 Mo. 307 ; *Abbott v. Doling,* 49 Mo. 302 ; *Spurlock v. Allen,* 49 Mo. 178 ; *Hume v. Wainscott,* 46 Mo. 145 ; *Yankee v. Thompson,* 51 Mo. 234 ; *Smith v. Funk,* 57 Mo. 239 ; *Hubbard v. Gilpin,* 57 Mo. 441.

3. The circuit court never acquired jurisdiction by reason of a fatal defect in the notice to Mary A. Henry. It merely informed her that the " object and general nature of the suit was to obtain judgment against her for the taxes, interest and costs due on the land therein described for the years mentioned, amounting in the aggregate to $78.68." This publication only notified her that a personal judgment would be rendered against her; such a judgment would be void. *Clegg v. State*, 42 Texas 605 ; *Smith v. Mc-Cutchen*, 38 Mo. 415 ; *Abbott v. Sheppard*, 44 Mo. 273. In said notice there is no intimation that said land was delinquent or forfeited, nor that said taxes were back taxes, nor that they were a lien upon said land, nor that the object and nature of the suit was to enforce any lien upon said land. The notice should have shown the jurisdiction over the object and nature of the suit, and as it wholly failed to show this, the judgment rendered thereon was void.

4. The taxes for the years 1870 and 1871, were barred by the statute of limitation at the time the act of April 12th, 1877, went into effect, and being included in the aggregate amount of the judgment, as appears on the face of the judgment, and also on the face of the deed, renders the judgment, the sale and the deed void. *St. Louis v. Newman*, 45 Mo. 138; Blackwell on Tax Titles, (2 Ed.) 160 ; *McLaughlin v. Thompson*, 55 Ill. 249.

5. The deed is void upon its face, in that it shows, 1. That the taxes for 1870 and 1871 were included in the judgment, whereas the taxes of those years were barred by the statute of limitations. 2. That it does not affirmatively appear that the notice required by law by the sheriff to be given, was, by advertisement in a "newspaper, printed and regularly published weekly or daily," in Barry county. This court has repeatedly decided that compliance with every prerequisite of the statute must appear upon the face of the deed, and is essential to its validity. 3. That it does not appear on the face of the deed that the sale was made at the place designated in the notice given, viz.:

"At the south front door of the court house, in the town of Cassville, in the said county of Barry."

6.    The sale was void. The law only authorizes a sale of land for the payment of taxes, and the pretended sale of the land in controversy not being for the amount of taxes found to be due in the pretended judgment—in fact being for only $8.00, while the amount of taxes and interest was $88.49, and the costs $35.47—is void. There can be no valid sale for less than the amount of taxes, interest and costs due. The act of April 12th, 1877, did not repeal the act of March 20th, 1872; it only repeals the acts and parts of acts inconsistent therewith, (see section 20,) and the provision of the revenue act of March 30th, 1872, that there shall be no sale for less than the taxes, interest and costs due thereon, (sections 199 to 203 inclusive,) are not inconsistent with the act of April 12th, 1877, and, therefore, are not repealed by it. They remain in full force and are absolutely essential to the protection of the interests of the State in sales under that act.

7.    The back tax act is unconstitutional.

*J. L. Smith*, Attorney-General, *L. C. Krauthoff* and *John W. Wellshear* for respondent.

1.    The back tax act is not retrospective within the meaning of the constitutional prohibition against retrospective acts. From a comparison of it with the former law, (Wag. Stat., § 226, 1209; § 182, 1196; § 215, 1205,) it is very clear that the enactment of this act and the consequent repeal of the statutory provisions in force at the time of the levy and assessment of the taxes referred to, in no wise impaired any vested right of any person, imposed any additional obligation or disability, or created any new liability. *Hope Mut. Ins. Co. v. Flynn*, 38 Mo. 483. Its only effect was to change the remedy provided to the State for the enforcement of delinquent taxes due to it—the Legislature having had the undoubted power to

provide and change the remedies for that purpose. *City v. Coons*, 37 Mo. 44; Cooley .Const. Lim., 361, 365 ; Story on Const., § 1385 ; *Ogden v. Saunders*, 12 Wheat. 349 ; *Bruns v. Crawford*, 34 Mo. 330 ; *State v. St. Louis Co. Ct.*, 34 Mo. 546 ; *City v. Oeters*, 36 Mo. 456; *Drehman v. Stifel*, 41 Mo. 184, 204 ; *Porter v. Mariner*, 50 Mo. 364. The fact that the jurisdiction to enforce the right was changed to different courts, and that the costs of the proceeding were increased, did not create any additional obligation. The courts in which to enforce a right and the costs of the proceeding are a part of the remedy, and the power to change the remedy 'carries with it the power to change the tribunal, and if an increase of costs follows from such change, the act is not for that reason invalidated. *DeCordova v. Galveston*, 4 Texas 470 ; *Farnsworth v. Vance*, 2 Cold. (Tenn.) 108, 117; *Woodfin v. Hooper*, 4 Humph. 12, 21; *Hope v. Johnson*, 2 Yerg. 123 ; *Vanzant v. Waddel*, 2 Yerg. 260 ; *Scammon v. Chicago*, 44 Ill. 278. The only effect of the act was to provide a shorter time in which land could be redeemed. The privilege of redemption is not a vested right, and the period could be changed by the Legislature at will. The time given by the new act, sixteen months, is certainly reasonable. Cooley Const. Lim., 364, 367.

2. The proceeding provided by this act for the foreclosure and enforcement of the State's lien for delinquent taxes is general in its character, and it was the intention of the Legislature to make proceeding, judgments and sales under its provisions stand just as proceedings for the enforcement of private rights and judgments and sales therein, and to make the same rules and principles applicable thereto. See the following decisions on very similar statutes in California and Nevada : Cal. Stats. 1861, pp. 419, 437 : Nev. Stats. 1864, pp. 271, 291; *Eitel v. Foote*, 39 Cal. ·439; *Mayo v. Foley*, 40 Cal. 281; *Reeve v. Kennedy*, 43 Cal. 643 ; *Jones v. Gillis*, 45 Cal. 541 ; *State v. W. U. Tel. Co.*, 4 Nev. 338; *State v. C. P. R. R. Co.*, 10 Nev. 47, 60. See, also, Blackwell Tax Titles, 209, 212, §§ 184, 188; *Wal-*

*lace v. Brown,* 22 Ark. 118; *Scott v. Pleasants,* 21 Ark. 364; *Chesnut v. Marsh,* 12 Ill. 173; *Thatcher v. People,* 79 Ill. 597.

3. The circuit court had jurisdiction of the suit against Mrs. Henry. Const., art. 6, § 22. The act uses the phrase " courts of competent jurisdiction " in order to permit the imposition of a part of the additional labor caused by these suits upon the numerous courts of common pleas, &c., in the several counties, and not to impose the whole of it on the circuit courts. The order of publication was sufficient to bring her into court. Sec. 6 of the act. But if this was not so, the question is not now open, the court having found by its judgment " that the defendant has been duly notified." *Kane v. McCown,* 55 Mo. 181; *Freeman v. Thompson,* 53 Mo. 183; *Johnson v. Gage,* 57 Mo. 160; *Rumfelt v. O'Brien,* 57 Mo. 569; *Carson v. Sheldon,* 51 Mo. 436; *Bernecker v. Miller,* 44 Mo. 102; *Groner v. Smith,* 49 Mo. 318; *Latrielle v. Dorleque,* 35 Mo. 233; *Childs v. Shannon,* 16 Mo. 331; *Hahn v. Kelly,* 34 Cal. 391; *Reily v. Lancaster,* 39 Cal. 354; *Reeve v. Kennedy,* 43 Cal. 643. The petition in the tax suit would be sufficient on demurrer, but if it were otherwise, the judgment is not collaterally assailable for such defect. *Whitman v. Taylor,* 60 Mo. 127; *O'Reilly v. Nicholson,* 45 Mo. 160; *Chouteau v. Nuckolls,* 20 Mo. 442; *State ex rel. v. Towl,* 48 Mo. 148; *Mayo v. Foley,* 40 Cal. 281.

HENRY, J.—Mary A. Henry, a non-resident of the State, owned the northwest quarter of section 24, in township 24, of range 28, in Barry county.

At the March term, 1878, of the Barry circuit court, a suit was instituted against her at the relation of the State to the use of J. W. Lecompte, collector of the revenue of said county, to subject said land to sale for payment of back taxes for the years 1870, 1871, 1872, 1873, 1874, 1875 and 1876, amounting in the aggregate to $78.68. An order of publication was made against her, which was duly pub-

lished in the Cassville Democrat, a newspaper published in said county, notifying Mary A. Henry that plaintiff had commenced suit against her in the Barry circuit court, by petition, the object and general nature of which was to obtain judgment against her for the taxes, interest and costs due on said land (describing it) for the years aforesaid, (naming them,) and the aggregate amount of taxes due on said land, $78.68, and that unless she should be and appear at said court, at the next term thereof, to be begun and held at the court house in the town of Cassville, in said county, on the 14th day of March, 1878, and, on or before the third day of said term, answer or plead to the petition in said cause, the same would be taken as confessed and judgment be rendered accordingly. She did not appear at said term, and judgment by default was rendered in favor of plaintiff, for said taxes, interest and costs, and that the said real estate, or so much thereof as might be necessary, be sold to satisfy the same. Under a special execution issued by the clerk of said court on the 17th day of May, 1878, said land was, by the sheriff of said county, on the 10th day of September, 1878, sold to John W. Wellshear for the sum of $8.00. Due notice was given of the sale by the sheriff.

Amos N. Kelly was in possession of the premises, and this suit was instituted by Wellshear, purchaser under said execution, against Kelly to recover the same. Kelly made defense to the suit, but a judgment was rendered against him, from which he has appealed to this court. He insists that the petition in the case of the *State ex rel., &c., v. Mary A. Henry*, did not state a cause of action, because it was not alleged in the petition that the land therein described had been returned delinquent, or had been forfeited to the State; because it was not alleged that the county clerk, within sixty days after the taking effect of the act of 1877, had made out a back tax book, and delivered it to the collector of the county, and that said tract of land was contained in said back tax book and remained unredeemed on the 1st

day of January, 1878 ; because it was not alleged that the suit was against the owner of the land.

Section 1 of the act to provide for the collection of delinquent taxes, provides that "the taxes due and unpaid on any real estate which has heretofore been returned delinquent, and which has not been forfeited to the State, and the taxes due and unpaid on any real estate which has been forfeited to the State for the non-payment of such taxes, shall be deemed and held to be back taxes," &c. A petition should allege that the land had been returned delinquent, or had been forfeited to the State. This petition in the case against Mary A. Henry was defective, and a demurrer to it might have been sustained, but, although not directly and formally averred, it is sufficiently stated to be good after a verdict, that the land had been returned delinquent. The following is a portion of said petition: "That all of said amounts above set out, together with all interest, commissions and costs thereon accruing under and by virtue of the statutes in such cases made and provided, remain due and unpaid ; that defendant is the owner of said real estate, and has wholly failed, neglected and refused to pay, and still fails, neglects and refuses so to do. Plaintiff further states, that under and by virtue of the statutes, &c., all taxes assessed and levied on each respective tract of said real estate, became and are a lien on each of said tracts to the amount of the taxes, &c. ; that by virtue of section 5 of an act of the General Assembly of the State of Missouri, in regard to delinquent taxes, entitled ' An act to provide for the collection of delinquent taxes and taxes due on real estate forfeited to the State, and repealing section 184 of an act entitled ' An act concerning the assessment and collection of the revenue,' approved March 30th, 1872,' approved April 12th, 1877, the aforesaid collector made an agreement in writing with and employed A. B. Greenwood and Plummer & Wear, Esqs., as attorneys in prosecuting the foregoing suit, and all others for delinquent taxes in said

*1. SUIT FOR BACK TAXES: pleading.*

Barry county—said attorneys to receive as their fees therefor ten per centum on the amount collected and paid into the treasury; which said agreement between said collector and said attorneys was approved by the county court of said county, by an order of record entered the 4th day of January, 1878, the said per centum to be taxed as costs in the suit and collected as other costs.

The failure to state in the petition that the county clerk had made out a back tax book, and delivered it to the collector, is not a defect of which even Mary A. Henry, in a collateral proceeeding, could have taken advantage after the judgment against her. All of the objections made by defendant to the petition in the suit against Mary A. Henry, are such as only she could have complained of, if she had appeared and defended the action. If the court had jurisdiction of the subject matter of the suit, the proceedings and the judgment thereon stand upon the same ground as the proceedings and judgment in a suit between individuals. There is no principle which requires the application of different rules to test the validity of a judgment in a cause between the State and an individual from those which apply to a judgment rendered in a suit between individuals. The same presumptions in favor of the judgment are indulged in the one case as in the other. Although a statement may be defective, yet, if it appear after the verdict, that it could not have been given, or that a judgment could not have been rendered without proof of the matter omitted, the defect will be cured by the statute. *State ex rel. v. The County Court of Sullivan Co.*, 51 Mo. 522. " It is true if the record is radically defective—if it shows that there was no obligation, no legal indebtedness, as that judgment was rendered upon a *nudum pactum*, it is a substantial error. But the mere omission to set out a fact, as the consideration, or the whole of the consideration, on account of which omission a demurrer could have been maintained or any fact that must have been found by a jury, is cured

<span>2. JUDGMENT NOT COLLATERALLY ASSAILABLE.</span>

by the verdict." *Kercheval v. King*, 44 Mo. 404. This is the doctrine held where there is a direct proceeding to reverse the judgment, and it applies with much greater force when a collateral attack is made upon a judgment of a court of general jurisdiction. A judgment may be reversed upon appeal or writ of error, for reasons which would be of no force in an attack upon the judgment in a collateral proceeding.

Appellant's counsel contends that the circuit court had no jurisdiction of the cause of the *State ex rel. v. Henry*.

3. ——: jurisdiction of the circuit court. Circuit courts have "exclusive original jurisdiction in all civil cases not otherwise provided for," &c. Art. 6, § 22, Const. By section 183 of the act of 1872, the county courts of the several counties had original jurisdiction in all suits to enforce the lien created by that act for taxes due and charged upon real estate. The sections of that act as published, beginning with the 56th, each has two numbers, as follows: Sec. 56 [55]; 57 [56]. The act of 1877 repeals section 184, and continues in force all provisions of sections 178, 179, 180, 181 and 182, not inconsistent therewith. The double numbering of the sections of the act 1872, was the work of the publisher; and the numbers within brackets were not in the act as enrolled, and the reference to the sections by numbers in the act of 1877, is to the sections as numbered in the original. Section 183 of the act of 1872, was expressly repealed by the act of 1877, and that is the section which prescribed the proceeding in the county court to obtain a judgment against delinquent lands. Counsel for appellant bases his argument on this point upon the erroneous assumption that the numbers of the sections of the act of 1872, within backets, are those referred to in the act of 1877. Section 183 of the act of 1872, which conferred original jurisdiction upon the county court in suits commenced and prosecuted to enforce the lien created by that act for taxes due, was repealed by section 20 of the act of 1877, which expressly repealed " all acts and parts of acts

inconsistent" therewith. A reasonable construction of the act of 1877, in connection with the constitutional provision before quoted, leaves no doubt of the jurisdiction of the circuit court to hear and determine suits for back taxes.

Appellant contends that upon the face of the petition in the suit against Mary A. Henry, it appeared that a portion of the taxes sued for and embraced in the judgment, were barred by the statute of limitations, and that the judgment is, therefore, void. It was for Mary A. Henry, the defendant in that suit, to make that defense there, but neither she nor any one else can make it in this collateral proceeding. We do not determine whether the statute of limitations can be pleaded against the State for back taxes or not. That question is not necessarily before us, and what might be said on that subject in this case would be but *obiter dicta*. It is sufficient here to say, that whether it would be a defense or not against claims of the State for back taxes, this defendant cannot avail himself of that defense. He is not sued for back taxes.

4. ——: judgment not collaterally assailable: limitations.

It is further insisted that in proceedings to enforce the collection of taxes, there are no presumptions in favor of the validity of the proceedings or the power of the officer. Many cases are recited from our reports to support that proposition, but they were either cases in which the collector or other officer, without a judgment of any court, was authorized to sell land for taxes due and unpaid, or in which the judgment under which the sale was made, was rendered by a court exercising a special and limited, and not a general jurisdiction. In *Layroue v. Rains*, 48 Mo. 538, cited and relied upon by counsel for appellant, the court said, Wagner J.: "The proposition may be laid down as undoubted, that the advertisement in the time and manner prescribed by law is a prerequisite to the validity of a tax title, and this principle is not altered by the provision in our law re-

5. ——: presumptions in favor of sheriff's proceedings.

quiring judgment to be entered up in the county court. Before the adoption of the present law, the officer derived his power to sell in part, from the advertisement. Now the court obtains its authority to proceed in part from the same source. Power is conferred upon the court to be exercised on certain defined and limited contingencies; and these contingencies must have happened and the conditions on which it can act, must have been performed before its act can be valid. Its authority does not attach until the law has been pursued and complied with. The notice is the indispensable prerequisite, and without it the court has no jurisdiction in the premises." In *Abbott v. Doling*, 49 Mo. 304, Adams, J., said: "A sale by a collector for taxes cannot be assimilated to a sale by a sheriff under judicial process, issued by a competent court. The sheriff's proceedings are subject to the supervision of the court, and the court, whose process he abuses, is the proper tribunal to apply the remedy. The purchaser, under a judicial sale, looks to the judgment, execution, levy and sheriff's deed. If they are right all other questions are between the parties to the judgment and the sheriff."

The court did not err in rendering a judgment at the first term. The statute expressly provides that the first shall be the trial term.

6. ——: practice.

The notice to Mary A. Henry was sufficient to sustain the judgment rendered in that case, when brought in question, as here, collaterally. *Freeman v. Thompson*, 53 Mo. 183; *Kane v. McCown*, 55 Mo. 181. What might have been held as to the sufficiency of the notice if she had taken proper steps to bring the question here by appeal or writ of error, it is unnecessary to determine.

7. ——: process.

The position that the act of 1877 is retrospective in its operation, and, therefore, unconstitutional, we think untenable. It simply provides a different remedy from that which the State, at the date of its approval, had for the collection of back taxes, and of the right of the Legislature to change the remedy

8. BACK TAX ACT, CONSTITUTIONAL.

in such a case as this there can be no doubt. Cooley's Const. Lim., 361; *Porter v. Marriner*, 50 Mo. 367. Judge Cooley says: "As a general rule, every State has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. It may give a new and additional remedy for a right already in existence. And it may abolish old remedies and substitute new."

The neglect of the sheriff to sell the land by its smallest legal subdivisions, did not invalidate the sale. *Hicks v. Perry*, 7 Mo. 346; *Rector v. Hartt*, 8 Mo. 448. Mary A. Henry, on motion, might have set it aside for the failure of the sheriff to comply with the direction of the statute. But the defendant here is in no position to assail it on that ground. It was a personal privilege of Mary A. Henry, and as she did not complain of the sheriff's action then, it is now too late even for her to be heard on the subject.

9. EXECUTION SALE FOR TAXES: ejectment

Many other points are made in the brief of appellant's counsel, which we do not deem it important to notice, believing that all of them worthy of serious consideration have been adverted to. All concurring, the judgment is affirmed.

AFFIRMED.