## CHANDLER *et al.* v. BAILEY *et al.*, *Appellants.*

1. **Land and Land Titles** : EVIDENCE. Parties claiming title to land as heirs must show their connection as such with him through whom they claim.

2. **Sheriff's Deed** : ACKNOWLEDGMENT : EVIDENCE. A sheriff's deed, having indorsed upon it the clerk's certificate of acknowledgment, may be read in evidence without producing any record entry of the acknowledgment.

3. ———— : NOTICE : PRESUMPTION. A sheriff's deed which recites a notice of sale for twenty days "by advertisement in the *Gazette-Tribune*, a newspaper published in my said county," is not void because it omits to state that the paper was a daily or weekly news-

89   641
109   264
89   641
125   126
89   641
79a   626
89   641
173   4264

paper. It may well be presumed that the paper was a daily or weekly one, there being nothing inconsistent with such presumption in any of the recitals.

**4.** Deed : ATTACHMENT: SHERIFF'S SALE. A deed will pass the title, as between the parties thereto, although not acknowledged and recorded. Where a deed is executed and delivered before the levy of an attachment, and is thereafter duly acknowledged and recorded before the date of the sheriff's sale, it will prevail over the sheriff's deed.

**5.** ——: FRAUD : EJECTMENT. It may be shown that a deed was made in fraud of creditors, in order to defeat it, even in an action of ejectment.

*Appeal from Ozark Circuit Court.*—HON. J. R. WOOD-SIDE, Judge.

REVERSED.

*D. H. McIntyre* for appellants.

(1) The court erred in admitting the sheriff's deed read by plaintiff. (*a*) The description of the premises in dispute is different in the deed from the description stated in the petition. Stephen on Pl., secs. 75, 190; 1 Greenlf. Evid. [13 Ed.] secs. 53, 64 ; R. S., sec. 2245; *Blakely v. Saunders*, 9 Mo. 472 ; *Deickman v. McCormick*, 24 Mo. 596. Defendant did not ask to amend; he must abide the consequences. *Browning v. Walburn*, 45 Mo. 477, 479. (*b*) The record does not show that the sale under the attachment execution was advertised in a weekly or daily newspaper. R. S., sec. 2380 ; *Curd v. Lackland*, 49 Mo. 451, 454. (*c*) The record does not show that the certificate of the sheriff's acknowledgment was endorsed on the deed. R. S., secs. 2392, 2393, 2394, 2395 ; *Lincoln v. Thompson*, 75 Mo. 631 ; *Samuels v. Shelton*, 48 Mo. 444. (2) The court exceeded its jurisdiction in rendering the judgment, in the attachment case, as the service was by publication and the record does not show any appearances by the defendant, E. W.

Bailey. R. S., secs. 434, 435, 455 ; Freeman on Judg-ments, sec. 117 ; *Bray v. McClury*, 55 Mo. 128, 135. (3) There is no proof whatever in the record that plain-tiffs are the heirs at law of A. B. Chandler, as alleged in the petition. The answer was a denial of all material allegations. 2 Greenlf. on Evid. [13 Ed.] secs. 309, 331 ; Tylor on Eject., 482, 483 ; Coke on Litt., 11, 6 ; *Jenkins v. Pritchard*, 2 Will. R. 45. (4) The court erred in rendering judgment for plaintiff. The legal title was in defendant, Wm. Bailey, when the writ of attachment was issued and levied on the lots in dispute, notwith-standing the deed to defendant from E. W. Bailey had not been acknowledged. It had long before the attachment been delivered. *Cape Girardeau v. Renfroe*, 58 Mo. 265, 272 ; *Harrington v. Fortner*, 58 Mo. 468 ; *Calwell v. Head*, 17 Mo. 561 ; *Lessee of Sicard v. Davis*, 6 Pet. 124, 136 ; *Miller v. Sherry*, 2 Wall. 237, 249. (5) There is no proof showing that plaintiffs are heirs at law of A. B. Chandler, through whom they claim by descent. This proof is indispensable.

*Livingston & McClendon* for respondents.

BLACK, J.—The plaintiffs recovered in ejectment, and the defendants appealed. Both parties claim title under E. W. Bailey. The plaintiffs' title is a sheriff's deed to A. B. Chandler, executed by virtue of a sale made under a special execution, issued on a judgment in an attachment suit of A. B. Chandler against E. W. Bailey. The attachment was levied on the property on the sixteenth of December, 1874 ; judgment on publica-tion was rendered the twentieth of April, 1876, and the sale occurred on the seventeenth of April, 1877. The defendant, William Bailey, claims by virtue of a deed to him from E. W. Bailey, dated August 1, 1874, claimed to have been acknowledged on twenty-first of September, 1875. and recorded April 19, 1876. The bill of excep-

tions purports to give all of the evidence, but there is not a word tending to show that the plaintiffs are the heirs of A. B. Chandler. There is nothing to connect them with his title, and for this reason the judgment must be reversed.

As the cause will be remanded the plaintiffs can amend their petition so as to show that the lots are in the town of Gainesville, and thereby make the petition correspond with the proof, for there seems to be no dispute but the property sued for is located in that village. The sheriff's deed has endorsed upon it the clerk's certificate of acknowledgment taken in open court, and that was sufficient to entitle it to be read without producing any record entry of the acknowledgment.

A further objection made to the deed is that it fails to recite a proper notice of sale. The statute requires the sheriff to give twenty days notice by advertisement in some newspaper printed in the county, if there be one regularly published weekly or daily, and if not, then by hand bills. This deed recites a notice for twenty days "by advertisement in the *Gazette-Tribune*, a newspaper published in my said county." The omission to state that the paper was a daily or weekly one, ought not to render the deed void. The deed is unlike that in *Ladd v. Shippie*, 57 Mo. 523, for there the deed recited a sale on a different day from that on which the property had been advertised to be sold. The case of *Draper v. Bryson*, 17 Mo. 71, adopts the doctrine that a purchaser at a sheriff's sale should not be affected by an irregularity in the notice unless he participated in it, or the departure was for a fraudulent purpose. It is true the defect here, if such it may be called, appears upon the face of the deed. But we may well presume that the paper was a daily or weekly one. There is nothing inconsistent with the fact thus presumed in any of the recitals, and like presumptions are allowed in favor of the regularity of the acts of sheriffs and other officers.

Whart. Law Ev., sec. 1318. Sales under execution ought not to be held void for such an omission in the recitals, nothing more appearing.

The defendant, William Bailey, testified that he purchased the property from Cowkin in 1874, but that, at the suggestion of Cowkin, the deed was made to E. W. Bailey, his son, with the understanding that the property should be conveyed to defendant when requested, and that the deed from E. W. Bailey was made in pursuance of that agreement. This deed as between the parties thereto passed · the title to William Bailey, though not acknowledged or recorded. *Harrington v. Fortner*, 58 Mo. 473. If the facts should be that the deed was executed and delivered before the levy of the attachment, and was thereafter duly acknowledged and recorded before the date of the sheriff's sale, then it should prevail over the sheriff's deed. *Black v. Long*, 60 Mo. 181; *Sappington v. Oeschli*, 49 Mo. 244. Of course, if the lots were really the property of E. W. Bailey, and the deed from him to defendant was made in fraud of the creditors of E. W. Bailey, that may be shown to defeat the deed, even in this action of ejectment. Some other questions are urged with respect to a variance between the description of the property in the sheriff's deed, and in the judgment, but it is likely they are clerical errors in our transcript, and they are not considered.

The judgment is reversed and the cause remanded. All concur. Henry, C. J., absent.