# R. B. ROBINSON, Appellant, v. MAX LEVY.

### Division Two, March 9, 1909.

1. **JURISDICTION: Special Taxbills: Amount Less Than $250.** The circuit court and the justice of the peace have concurrent jurisdiction of a suit on two special taxbills where the amount due on both is $71.52. Because the amount sued for is less than $250, it does not follow that, under Sec. 1674, R. S. 1899, the justice of the peace had exclusive jurisdiction.

2. **PLEADING: Exhibit: Special Taxbill.** An exhibit is no part of the petition, even though it is attached to and made a part thereof.

3. **SPECIAL TAXBILL: Not Filed With Petition: Day in Court.** If the petition otherwise states a cause of action on a special taxbill, it does not fail to do so because the taxbill was not filed with the petition. And if the statute does require the taxbill to be filed with the petition, failure to file it does not, in a collateral case, render the judgment invalid. The time to have interposed that failure as a defense was in that suit, and if it was not then made it cannot be afterwards made.

4. ———: **Not Signed by Mayor: Jurisdiction.** The place to have shown that the special taxbills were required by law to be signed by the mayor and attested by the clerk and that they were not so signed, was in the suit on the taxbills. It cannot

be shown in a suit to quiet title where defendant claims title under a judgment rendered in the special tax suit and the sale of the property under execution issued thereunder. Where the petition in the tax suit alleged that the city caused its certain taxbills to be issued against the property, etc., the allegation is to be treated, at least by implication, as an averment that the city caused legal taxbills to be issued; and if they were illegally issued, or were defective in substance or form, that was a matter of defense in that suit, and as the circuit court had jurisdiction over the subject-matter, if that defense was not made in that suit, it cannot be made by collateral attack in another suit against the purchaser at the tax sale.

5. ———: **Expired.** If the taxbills were invalid, or if they had expired as a lien, that was a defense which could have been made in the suit on the taxbills, and cannot be made in a collateral proceeding.

6. ———: **No Allegation of Non-Payment.** Even if the allegation in the petition that "the said taxbill, nor any part thereof, has been paid" was not an averment that the taxbills had not been paid when suit thereon was brought, the petition for that defect was subject to demurrer, and under the Statute of Jeofails, after verdict and judgment, that defective averment does not make the judgment void, even if an allegation that the taxbills had not been paid were a necessary averment. Defective averments which do not go to the extent of failure to state a cause of action are not available in a collateral attack on the judgment.

7. ———: **Sheriff's Deed: Publication of Sale.** A recital in the sheriff's deed that he gave "at least twenty days notice of the time, terms and place of sale, together with a description of the real estate to be sold, and where situate, as the law directs, by publishing said notice in the Kansas City Mail, a newspaper printed and published regularly in Kansas City, Jackson county, Missouri," is a substantial compliance with the statutory requirement as to publication of notice of sale. The deed is not invalid because it does not say whether the newspaper was a weekly or daily, or a weekly and a daily.

8. ———: ———: **Different Name of Sheriff.** Where in one portion of the sheriff's deed Robert S. Stone is designated as the sheriff and in another John P. O'Neill is so designated, and it is apparent that the substitution of Stone's name for O'Neill's was a mere clerical error, the deed will not be held invalid.

9. ———: **Personal Judgment.** Although the judgment may recite that the defendant Augustus Smith is indebted to plaintiff in the sum of $60.60, yet if following this recital reference is made to the special taxbill made the basis of the suit by the

petition, and it then recites that said taxbill and the amount due thereon are a lien upon the property in the taxbill described, which real estate is owned and claimed by defendant, the judgment is not a personal one against Augustus Smith.

10. ————: **Against Homestead.** A homestead is not exempt from execution and sale under a judgment on a special benefit assessment which enforces the amount thereof as a special lien against the homestead.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*J. B. Hamner* and *W. W. Calvin* for appellant.

(1) An exhibit is no part of a petition, even though it is attached to and the petition states that it is made a part thereof. Vaughan v. Daniels, 98 Mo. 280; Moore v. Dixon, 50 Mo. 424; Poulson v. Collier, 18 Mo. App. 538. (2) Where the statute creates a new right, such as making taxbills a lien (such lien not existing at common law, and would not exist at all were it not for the statute), then that lien exists only for the time prescribed by statute, and after the Statute of Limitation has run the statute need not be pleaded at the trial of the case nor at any other time. State v. Crutcher, 2 Swan (Tenn.) 504; Firnell v. Railroad, 33 Fed. 427; Boyd v. Clark, 8 Fed. 849; Morgan v. Railroad, 51 Mo. App. 528. (3) The following authorities show that the personal judgment rendered against Augustus Smith in the original action, wherein suit was brought on the taxbills, was absolutely void so far as the personalty is concerned: Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 286; St. Louis v. Bruennell, 56 Mo. 350; Kiley v. Forsee, 57 Mo. 390; City v. Miller, 66 Mo. 467; Firth v. Broadhead, 7 Mo. App. 563.

*M. F. Ringolsky* and *Edward C. Wright* for re-spondent.

(1) The petition in the taxbill suit was sufficient. R. S. 1899, sec. 672. (2) The judgment in the suit on the taxbills was sufficient and such as the court should have rendered, and the sheriff's deed issued under said judgment was sufficient and passed the title to respondent herein. Wynn v. Cory, 48 Mo. 346; Boyce v. Christy, 47 Mo. 70; Stites v. Smith, 55 Mo. 363; Clay v. Hildebrand, 34 Kan. 694; Neenan v. Smith, 50 Mo. 525; Chandler v. Bailey, 89 Mo. 641; R. S. 1899, sec. 1734; Lovitt v. Russell, 138 Mo. 474; Long v. Waggoner, 47 Mo. 178; McCulloch v. Holmes, 111 Mo. 445; R. S. 1889, sec. 4956; Wilcoxan v. Osborne, 77 Mo. 621; Owen v. Baker, 101 Mo. 407; R. S. 1899, sec. 672; Robinson v. Railroad, 53 Mo. 435; Shaler v. Van Wormer, 33 Mo. 386; Bank v. Scalzo, 127 Mo. 164; Bradley v. Heffernan, 156 Mo. 653; Yeaman v. Lepp, 167 Mo. 61. (3) The action of the court below was without error and judgment should be affirmed. Const. Mo., art. 10, secs. 6 and 7; Choteau v. Nichols, 20 Mo. 448; Cochran v. Thomas, 131 Mo. 258; R. S. 1899, sec. 3210; Bradley v. Heffernan, 156 Mo. 653.

FOX, J.—This appeal, on the part of the plaintiff, is from a judgment of the circuit court of Jackson county, Missouri, at Kansas City, in favor of the defendant. This proceeding is predicated upon the provisions of section 650, Revised Statutes 1899, by which it is sought to have the court ascertain and determine the title, estate and interest of plaintiff and defendants herein respectively, in and to the following real estate: The east forty feet of a tract of land, bounded as follows, to-wit: On the north and west, by Westport avenue; on the south, by the south line of section 19, in township 49, range 33; on the east, by lot one of Jones and Fisher's Addition to

the city of Westport, now being a part of Kansas City.

The answer interposed by the defendant to the petition was, first, a general denial of each and every allegation in said petition contained, except the allegation that defendant claims some title, estate or interest in the real estate described in the petition. The defendant further answering, specifically denies that plaintiff has any right, title or interest in said land, or is in the possession of the same. Then follows in said answer the allegation that the defendant is, and for a long time past has been, the owner in fee of the real estate in controversy, and that he is now in possession of the same.

This cause was submitted to the court upon an agreed statement of facts. We do not deem it necessary to reproduce this statement, with all the details of the agreed statement of facts as disclosed by the record. A brief reference to the facts as applicable to this controversy will be sufficient to enable us to determine the legal propositions disclosed by the record.

It appears from the agreed statement of facts that in 1893 one Augustus Smith was the undisputed owner and in possession of the land in question, and that in September, 1893, a suit was filed against said Augustus Smith to enforce against the land a lien for certain special taxbills issued by the city of Westport to pay the cost of paving Main street, upon which street the land in question abutted. As the sufficiency of the petition in that case is challenged, it is well to reproduce it. It was as follows:

"Plaintiff for cause of action states, the city of Westport is a municipal corporation organized and existing under and by virtue of the laws of the State of Missouri, and is a city of the fourth class; that heretofore, and prior to the 17th day of June, 1891, the said city of Westport, for the purpose of improving

Main street from South Main street to the southern city limits by paving the same in said city, by ordinance No. 143, entitled, 'An ordinance to pave Main street from South Main street to the western limits of the city of Westport,' which ordinance was approved on the 17th day of June, 1891, that in pursuance to such ordinance, such improvement was made and said street was paved and, when the work was completed, the cost thereof was apportioned among the several lots and parcels of land to be charged therewith, and each lot and parcel of property was charged with its proper share of such costs, according to the frontage of the property, and there was charged against the following described lot or parcel of land in the city of Westport, county of Jackson, State of Missouri, to-wit: The east forty feet of a tract of land bounded as follows: On the north and west by Westport avenue; on the south by the south line of section nineteen, township forty-three, range thirty-three west, on the east by lot one, Jones and Fisher's addition, in the city of Westport, the sum of $51.32, its proper share of such costs. That the said city of Westport, for the purpose of paying for such improvements, caused its certain taxbill to be issued against the above-described property for the said sum of $51.32, which bill was issued on the 6th day of May, 1892, which bill bears interest at the rate of ten per cent per annum after thirty days from the date of issuance, and if not paid in six months from date of issue, it shall bear interest at the rate of fifteen per cent per annum until paid, a copy of which bill is hereto attached, and made a part of this petition. That this plaintiff, S. Howard McCutcheon, is the owner of such taxbill, and that the same nor any part thereof, has been paid. That the above defendants have, or claim to have, some interest in the above-described property, and that there is due plaintiff from defendants the sum of fifty-one

and thirty-two one-hundredths dollars, and interest thereon at the rate of ten per cent per annum for the first six months from thirty days after date of issuance as above stated, and fifteen per cent per annum since such time for the improvements above set out. Wherefore, plaintiff asks judgment for the sum of fifty-one and thirty-two one-hundredths dollars and interest thereon at ten per cent per annum for six months from May 6, 1892, and at fifteen per cent per annum since such time, and the costs herein expended, and that the same be declared a special lien upon the above-described property, to-wit: The east forty feet of a tract of land bounded as follows: On north and west by Westport avenue; on the south by south line of section nineteen, township forty-nine, range thirty-three west; east by lot one, Jones & Fisher's addition, in the city of Westport.

"Plaintiff for a second and additional cause of action states, that the city of Westport is a municipal corporation, organized and existing under and by virtue of the laws of the State of Missouri, and is a city of the fourth class. That heretofore, and prior to the 26th day of October, 1891, said city of Westport, for the purpose of improving Main street from South Main street to a point 658½ feet west of the center of Chestnut street by curbing the same, pursuant to its ordinance No. 218 of the city of Westport, entitled, 'An ordinance to construct curbing on both sides of Main street, from South Main street to a point 658½ feet west of the center of Chestnut street,' which ordinance was approved and adopted on the 17th day of October, 1891. That pursuant to such ordinance such improvement was made, and said curbing was laid, and when such work was completed, the cost thereof was apportioned among the several lots and parcels of land to be charged therewith, and such lot or parcel of land was charged with its proper share of such cost, according to the frontage of the property,

and there was charged for such improvement, against the following described property, situated in the city of Westport, Jackson county, Missouri, to-wit: The east forty feet of a tract of land bounded as follows: "On the north and west, by Westport avenue; on the south, by south line of section nineteen, township forty-nine, range thirty-three west; on the east, by lot one, Jones & Fisher's addition to the city of Westport, the sum of $22, its proper share of such costs. That the said city of Westport, for the purpose of paying for such improvement, caused its certain taxbill to be issued against the above-described property for the said sum of twenty-two dollars, which bill was issued on the 26th day of October, 1891, and which bill bears interest at the rate of ten per cent per annum after thirty days from the time the same was issued, and if not paid in six months after the date of issuance, then at the rate of fifteen per cent per annum until paid; a copy of which bill is hereto attached, marked 'Exhibit B,' and made a part of this petition. That this plaintiff, S. Howard McCutcheon, is the owner of such taxbill, and that the same nor no part thereof, has been paid. That the above defendant owns, or claims to own the above-described property, and that there is due plaintiff, from defendants, for such improvements, the sum of $22 and interest thereon, at the rate of ten per cent per annum for the first six months from thirty days after date of issuance as above stated, and fifteen per cent per annum thereafter. Wherefore, plaintiff asks judgment for the sum of $22, and interest thereon at ten per cent per annum for six months from the 26th day of November, 1891, and at fifteen per cent per annum thereafter, and the costs of this action, and that the same may be declared a special lien upon the above-described property, to-wit: The east forty feet of a tract of land bounded as follows: On the north and west, by Westport avenue; on the south, by south line of section

nineteen, township forty-nine, range thirty-three west; on the east, by lot one, Jones & Fisher's addition to the city of Westport, Jackson county, Missouri.''

Upon this petition being filed, a summons was issued and returned personally served upon said defendant Smith.

At the regular January term, 1894, of the circuit court of Jackson county, judgment was rendered in the proceeding upon this special taxbill. As the sufficiency of this judgment is challenged, we will be pardoned for burdening this statement with a reproduction of it; it was as follows:

''*S. Howard McCutcheon  vs. Augustus Smith.*

''Now on this day comes plaintiff by attorney, and defendant, though lawfully summoned, comes not, but makes default, and having failed to appear and plead to the petition herein, and this cause having been submitted to the court upon the evidence adduced, the court finds that defendant is indebted to plaintiff in the sum of $60.60 upon the first count of plaintiff's petition, and the special taxbill therein set out, and that said taxbill and the amount due thereon are a lien against the property in said taxbill described, which said real estate is owned and claimed by the defendant.

''The court further finds that defendant is indebted to plaintiff in the sum of $27.15 upon the second count in plaintiff's petition, and the special taxbill therein set out, and that special taxbill and amount thereof are a lien against the property in said special taxbill described, which real estate is owned and claimed by defendant.

''It is therefore ordered and adjudged that plaintiff recover of and from defendant the sum of $87.75, with interest at the rate of fifteen per cent per annum, and all costs to be levied on the following described

property, to-wit: The east forty feet of a tract of land bounded as follows: On the north and west, by Westport avenue; on the south, by south line of section nineteen, township forty-nine, range thirty-three west; on the east, by lot one, Jones & Fisher's addition to the city of Westport, in Jackson county, Missouri, and that plaintiff have hereof special execution.''

On the 4th day of June, 1894, a special execution was issued upon said judgment in pursuance to the judgment theretofore rendered, and the real estate was, on the 30th day of June, 1894, under such special execution, sold and was purchased by Max Z. Levy, the respondent in this case. On the 10th day of July, 1894, the sheriff executed and delivered his deed to the said respondent in accordance with his purchase, and said deed was on the same day filed and recorded in the proper office for the recording of deeds. This sufficiently indicates the basis of the claim of title on the part of the respondent.

On August the 14th, 1897, Augustus Smith and wife executed and delivered to C. C. Clemons a quitclaim deed to the real estate in controversy, reserving the buildings upon said land. Shortly after the execution of this deed, the family of Augustus Smith moved from the premises, and the buildings also were removed. On the 28th day of June, 1900, Charles C. Clemons and Mary Ann, his wife, of Jackson county, Missouri, executed and delivered to the appellant in this cause a general warranty deed to the real estate involved in this controversy. This is a sufficient indication of the claim of title on the part of the appellant.

In May, 1901, this suit was brought under the provisions of section 650, Revised Statutes 1899, praying the court to define and adjudge by its judgment or decree the title, estate or interest of the parties hereto

in and to said premises according to the statute in such cases made and provided.

It further appears from the agreed statement of facts that since the recording of the sheriff's deed, executed and delivered to the defendant, Max Levy, the defendant has also asserted and claimed a fee-simple title to said land. There are no improvements upon said land, and no one in the actual occupancy thereof; it also appears from the agreed statement of facts that plaintiff without any request from the defendant paid the taxes upon said land for several years. It was further agreed that at the time of the sheriff's sale, and the delivery of the deed to the defendant, Levy, by the sheriff (which delivery was made on the 10th day of July, 1894) said Augustus Smith was the head of a family, and a resident of the State of Missouri, and was living and residing on said lot and had it fenced in, and said property in dispute was worth not to exceed one thousand dollars, and said Smith was in the possession of said lot at the time he and his wife conveyed the same to said Clemons, which was on the 14th day of August, 1897, and that said Smith and his grantees, C. C. Clemons and R. B. Robinson, have claimed to own the fee-simple title to said land since 1876.

This additional fact was agreed to by counsel for appellant and respondent, that is, at the time the tax suit was brought on the taxbill against Augustus Smith, that Augustus Smith was living on the premises sued for, and that he lived there continuously with his family up until about the 15th of September, 1897, when he sold the ground to C. C. Clemons and moved the house off by an agreement in the deed, heretofore mentioned in the agreed statement of facts.

The cause was submitted to the court substantially upon the facts as heretofore indicated, and the findings of the court were for the defendant and judgment was rendered in accordance with such findings.

A timely motion for new trial was filed, which by the court was overruled, and from the judgment rendered, the plaintiff prosecutes this appeal and the record is now before us for consideration.

## OPINION.

The record in this cause discloses numerous assignments of reasons why the judgment of the trial court should be reversed.

### I.

It is insisted by learned counsel for appellant that the trial court in the tax proceeding had no jurisdiction, for the reason that the suit should have been brought before a justice of the peace.

It will be observed that the aggregate amount of the taxbills sued on in that proceeding was $71.32. It is sufficient to say upon that proposition that while under the provisions of section 1604, chapter 30, Revised Statutes 1889, to which our attention has been directed, such suit may be brought before a justice of the peace of the county for the enforcement of liens as above when the amount does not exceed $250, this provision of the statute by no means makes the jurisdiction of the justice of the peace exclusive in the enforcement of liens in all amounts less than $250.

Under the third subdivision of section 1674, Revised Statutes 1899, it is expressly provided that the circuit court and justice of the peace shall have concurrent jurisdiction in all civil actions for the recovery of money whether such actions be founded upon contract or tort, or upon bond or undertaking given in pursuance of law, when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars. Consequently, under this provision, the circuit court had concurrent jurisdiction with the justice of the peace in the recovery of the amount in these taxbills and in the enforcement of the liens.

## II.

It is next contended that the original taxbills sued on were not filed with the petition, and it is further contended, in relation to these taxbills, that they were improperly issued, and that by reason of these facts, the petition stated no cause of action, and the judgment rendered upon it was void.

We have reproduced in full the petition in the proceeding to enforce the lien for the taxbills, and in our opinion it is sufficient to support the judgment rendered in this cause. It will be observed that the petition makes all the necessary allegations concerning the improvement of the street, and sufficiently identifies the ordinance under which such improvements were made, and then alleges that the said city of Westport, for the purpose of paying such improvement, caused a certain taxbill to be issued against the property which is described in the petition, giving the date of the issuance of the taxbill, and the rate of interest it bore after thirty days from the date of issuance; also contains the allegation that the plaintiff, S. Howard McCutcheon, was the owner of such taxbill. Then follows the allegation that the defendant had, or claimed to have, some interest in the property described against which the charge for improvement was made. There are two counts in the petition, which are substantially the same, except the amounts are different.

Directing our attention to this proposition, it is clear that the taxbills sued on, if filed, were filed as mere exhibits, and as is conceded in the brief of learned counsel for appellant, an exhibit is no part of the petition, even though it is attached, and the petition states it is made a part thereof. [Vaughan v. Daniels, 98 Mo. 230; Moore v. Dixon, 50 Mo. 424; Poulson v. Collier, 18 Mo. App. 583.]

If, under the law, the original taxbills had to be filed as exhibits, that was a matter that the defendant

could interpose as a defense.   There was personal service, and the defendant had an opportunity for his day in court, and if he failed to avail himself of any rights that he had under the law, he cannot now be heard in a collateral attack upon the judgment.

In Rankin v. Real Estate Company, 199 Mo. 345, it was sought to recover certain lands in the possession of the defendant.   In that case it appeared by stipulation that defendant was in possession at the institution of the suit and at the date of trial; that the title of the lot was in plaintiff and that he was entitled to recover unless he had been divested of title by a certain tax deed of date September 8, 1896.   Plaintiff introduced the written stipulation and rested.   Defendant then introduced the tax deed mentioned in the stipulation, together with the petition, summons and return, judgment, execution and report of sale in the tax proceeding.   This tax proceeding was, according to petition, entitled: "The State of Missouri, at the relation and to the use of V. P. Hart, collector of the City of Sedalia, Plaintiff, v. John H. Rankin, Defendant." The summons was so entitled.   Personal service was had and judgment taken by default; the petition declared for city taxes; the judgment was for taxes without designating the kind of taxes.   The execution recites that the judgment was for certain delinquent state, county and special taxes and interest, and for certain costs, and declares a special lien upon the lot in question.   The deed contains the same recitals as are found in the execution as hereinabove set out.   Timely and proper objections were made to the introduction of all this documentary evidence, and exceptions properly saved.   Judge GRAVES, speaking for this court, thus ruled upon the two contentions that are applicable to the case at bar:

"I.   Appellant contends that, if the judgment is for state and county taxes, it is void for the reason

that the collector of the city of Sedalia has no right to sue for and collect such taxes. It is true that the relator in the tax proceeding, the collector of the city of Sedalia, had no right to sue for state and county taxes, but in this case the defendant was properly served with process, and had the city collector sued for state and county taxes, which he did not do, the proper time to have raised that question would have been by demurrer prior to judgment. The defendant in the tax proceeding made no appearance, and had the petition demanded judgment for state and county taxes and the judgment had been entered in accordance with the petition, no complaint could afterwards be urged against the judgment. The defendant had an opportunity for his say in court upon that question, but having 'sinned away' his day of grace, cannot now be heard in a collateral attack upon the judgment.

"II. It is also further contended that at the time the tax proceeding was instituted, by an amendment of the statutes, the lien for city taxes was given to the city of Sedalia, and the suit could not be maintained in the name of the State for city taxes, and for that reason the judgment is void. What has been said above as to appellant's first contention applies with equal force in reply to this second contention. If the suit was for city taxes, as in fact it was, then the defendant in the tax proceeding should have raised by proper plea the question of the right of the State to enforce the lien for city taxes. This was not done, and judgment followed. John Jones may not have a right to enforce a lien against my property, but if he brings suit to do so, and I, after being duly served with process, permit to him to obtain a judgment enforcing the lien, I would be in no position to attack the judgment collaterally. This second contention is therefore ruled against the appellant."

While it may be conceded that the causes of action

provided for by statute in the enforcement of liens, may be termed statutory actions, however, when the circuit court obtains jurisdiction of such causes, it does not proceed to judgment in the exercise of mere statutory powers. In Charley v. Kelley, 120 Mo. l. c. 141, this court, in treating of actions of this character, thus stated the law: "The causes of action were statutory, but the circuit court, in the exercise of its general jurisdiction, was given cognizance over them."

It is next insisted that the law in force, as applicable to cities of the class to which the city of Westport belonged, required the city clerk, or other proper officer, to make out the special taxbills, and also it was essential that they be signed by the mayor and attested by the city clerk, and this not having been done, counsel for appellant contends that the taxbills were void. This was clearly a matter of defense to the suit upon such taxbills. The petition alleged that the city caused its certain taxbills to be issued against the property for the sums with which such property was chargeable. This allegation must be treated, at least by implication, as a statement that the city caused legal taxbills to be issued, and manifestly if the taxbills were illegally issued, or defective in form or substance, it was a matter of defense that the defendant could avail himself of in responding to the summons, which had been personally served upon him.

The circuit court of Jackson county, Missouri, is a court of general jurisdiction. The definition of jurisdiction is nowhere more clearly or correctly stated than in Munday v. Vail, 34 N. J. L. 422. In treating of that subject it was there said: "Jurisdiction may be defined as the right to adjudicate the subject-matter in the given case. To constitute this, there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs.

Second. The proper parties must be present. And, Third, the point decided must be, in substance and effect, within the issue.''

In Hope v. Blair, 105 Mo. l. c. 93, MACFARLANE, J., in discussing the subject of jurisdiction, said: ''A court may be said to have jurisdiction of the subject-matter of a suit when it has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed. What the controversy or issue, in any case, is, can only be determined from the pleadings. When the court has cognizance of the controversy, as it appears from the pleadings, and has the parties before it, then the judgment or order, which is authorized by the pleadings, however erroneous, irregular or informal it may be, is valid until set aside or reversed upon appeal or writ of error. This doctrine is founded upon reason and the 'soundest principles of public policy.' 'It is one,' says the court of Virginia, 'which has been adopted in the interest of the peace of society, and the permanent security of titles. If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation and no fixed established rights.' '' Citing in support of the rule announced: Lancaster v. Wilson, 27 Gratt. 624; Adams v. Cowles, 95 Mo. 506; Rosenheim v. Hartsock, 90 Mo. 365; Morris v. Gentry, 89 N. C. 248; Porter v. Gile, 47 Vt. 620; Paul v. Smith, 82 Ky. 451; 1 Black on Judg., sec. 245.

In Charley v. Kelley, supra, it was contended by the appellant in that case, which was concerning the enforcement of tax liens, that the circuit court was exercising special statutory powers, and the jurisdiction, as of inferior tribunals, must appear on the face of the record, otherwise no valid judgment could be rendered. It was further contended that no presump-

tions favorable to the validity of the proceedings and judgment can be indulged.  In discussing that proposition this court held that the position of appellant was not sound, and that the circuit court in proceeding to judgment in the enforcement of these liens, was not exercising mere statutory powers.  The causes of action were statutory, but the circuit court, in the exercise of its general jurisdiction, was given cognizance over them, and that the cause of action was brought within the general jurisdiction of the court.·

The taxbills in the case at bar may be collected by suit in any court of competent jurisdiction, and as was said by this court in the case last cited, "No special or summary proceeding in derogation of common law, is required to be followed.  In such case the same presumptions attend its jurisdiction, in the silence of its record, as in the case of judgments or decrees rendered in the exercise of its general jurisdiction.  They are not open to collateral attack."  Citing in support of such rule announced: Brown v. Walker, 11 Mo. App. 230; Wellshear v. Kelley, 69 Mo. 351; Allen v. McCabe, 93 Mo. 143.

In Wellshear v. Kelley,·69 Mo. 343, this court, in treating of a tax proceeding, expressly held that if the court had jurisdiction of the subject-matter of the suit, the proceedings and the judgment thereon stand upon the same ground as the proceedings and judgment in a suit between individuals.  There is no principle which requires the application of different rules to test the· validity of a judgment in a cause between the State and an individual from those which apply to a judgment rendered in a suit between individuals.  The same presumptions in favor of the judgment .are indulged in the one case as in the other, and it was said in that case: "Although a statement may be defective, yet, if it appear after the verdict, that it could not have been given, or. that a judgment could not have

been rendered without proof of the matter omitted, the defect will be cured by the statute."

In Castleman v. Relfe, 50 Mo. 583, the rule was announced in no uncertain or doubtful terms that "the circuit court is a court of general jurisdiction, and when it has acquired jurisdiction, however erroneous and irregular its proceedings may be, they are regarded as valid and binding until they have been reversed or annulled by suitable proceedings instituted for that purpose, and titles acquired by sales under them will be protected."

That the circuit court in the case at bar had jurisdiction of the subject-matter, as well as of the person of the defendant, is too plain for discussion, and if the rules as heretofore indicated are to be longer followed, then it must be ruled that the mere omission to file as an exhibit the original taxbills, or the fact that such original taxbills were invalid, are matters of defense, and if the defendant in that proceeding failed to avail himself of such defense, he cannot take advantage of such failure by seeking in this collateral proceeding to assail the judgment in that cause.

### III.

It is next insisted by counsel for appellant that the lien of the taxbills, upon which the tax suit was predicated, had expired. It is unnecessary, in order to clearly determine this proposition, to discuss the provisions of section 1592, Revised Statutes 1889, which provides the manner and method of issuing taxbills and when they become due, but it is a sufficient answer to the contention of appellant upon that question to say that what was said upon the other propositions is equally applicable to this one. If these taxbills were invalid, or their force and vitality had expired by reason of being barred by the statute, that was clearly a matter of defense to be interposed upon the trial of the tax proceeding.

In Wellshear v. Kelley, supra, it was contended by appellant that upon the face of the petition in the suit against Mary A. Henry, it appeared that a portion of the taxes sued for and embraced in the judgment, were barred by the Statute of Limitations, and that the judgment was, therefore, void. This court, in responding to that contention, said: "It was for Mary A. Henry, the defendant in that suit, to make that defense there, but neither she nor any one else can make it in this collateral proceeding."

It is clear that even though it be conceded that the lien of the taxbills had expired, yet that was a matter for the court to determine in that case. It had jurisdiction of the subject-matter, as well as the parties, and, as heretofore stated, however irregular or erroneous the judgment of the trial court may have been upon the question as to whether or not the lien of the taxbills had expired, the judgment and finding of the court must be regarded as valid and binding until it has been reversed or annulled by proper proceedings instituted for that purpose.

## IV.

Appellant also complains that the petition fails to allege that the taxbills had not been paid. The allegation upon this question is as follows: "This plaintiff, S. H. McCutcheon, is the owner of such taxbill, and the same, nor any part thereof, has been paid."

Now while it is true that this allegation was merely a negative pregnant, yet in our opinion it is not sufficient to warrant this court in saying that the petition did not state any cause of action, and that the judgment upon such petition was absolutely void. Manifestly, that suit was for the recovery of the amount of those taxbills and the trial court could not have reached the conclusion it did, or rendered the judgment for recovery of the amounts of such bills, unless it necessarily found that they had not been paid.

The Statute of Jeofails, section 672, Revised Statutes 1899, provides in certain subdivisions of that section, applicable to the question now in hand, that no judgment after trial or submission, or upon failure to answer, shall be reversed, impaired or in any way affected by reason of the following things:

"Fifth: For mispleading, or insufficient pleading.

"Eighth: For the want of any allegation or averment on account of which omission a demurrer could have been maintained.

.. "Ninth: For omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict.

"Thirteenth: For any informality in entering a judgment or making up the record thereof, or in any continuance or other entry upon the record."

This court in Robinson v. Railway Construction Company, 53 Mo. 435, held that "the defendant's failure to answer the plaintiff's petition admitted his right of recovery, if the petitioner stated facts sufficient to constitute a cause of action. And the law is, that when a judgment is given on failure to answer, it cannot be reversed, impaired or in any way affected, by reason of the omission of any allegation or averment, on account of which omission a demurrer could have been maintained, nor for omitting any allegation or averment, without proving which the triers of the issue ought not to have given a verdict."

In People's Bank of New Orleans v. Scalzo, 127 Mo. 164, 29 S. W. 1032, in discussing the proposition now under consideration, this court, speaking through Judge GANTT, announced this rule: "It does not follow that, because a petition is defective, and subject to a general demurrer, it would be insufficient to sustain a verdict. On the contrary, the well-settled rule, both at common law and under our code, is, that, if a material matter be not expressly averred in the petition, but the same is necessarily implied from what

is stated in the context, the defect is cured after ver-
dict, the doctrine resting on the presumption that
plaintiff  proved on the trial the facts' imperfectly
alleged, the existence of which was essential to his re-
covery." Citing in support of such rule: Rushton v.
Aspinall, 1 Smith's Lead. Cases (4 Am. Ed.) 649, notes
654; 2 Tidd's Practice, 919; Shaler v. Van Wormer,
33 Mo. 386; McDermott v. Claas, 104 Mo. 14; Bank v.
Leyser, 116 Mo. 61; Bliss on Code Plead. (3 Ed.), sec.
438; Lynch v. Railroad, 111 Mo. 604; R. S. 1889, sec:
2113, clauses 8 and 9.

Following the rule as above indicated, it must be
held that, even conceding that there was an omission to
state that the taxbills were not paid, such omission is
cured by the finding and judgment of the trial court,
and cannot be made the basis of a collateral attack
upon the judgment in that proceeding.

## V.

It is also suggested by counsel for appellant that
the sheriff's deed in the taxbill proceeding, upon which
the defendant in this cause predicates his claim to
title, was invalid. It is insisted that it is essential in
the recitals of the deed to designate after the word
"publish" the character of the paper, as to whether
it was a weekly or a daily, or weekly and daily paper.
In Chandler v. Bailey, 89 Mo. 641, it was expressly
ruled that "a sheriff's deed which recites a notice of
sale for twenty days 'by advertisement in the Gazette-
Tribune, a newspaper published in my said county,' is
not void because it omits to state that the paper was a
daily or weekly newspaper." This deed, the sufficiency
of which is challenged, concerning the subject of notice,
recited: "And having prior to the day of sale herein-
after mentioned, given at least twenty days notice of
the time, terms and place of sale, together with a de-
scription of the real estate to be sold, and where situ-

ated, as the law directs, by publishing said notice in the Kansas City Mail, a newspaper printed and published regularly in Kansas City, Jackson county, Missouri," etc. In our opinion this recitation as to the publication of the notice of sale was at least a substantial compliance with the law upon that subject.

It is also suggested that in one portion of the deed Robert S. Stone, sheriff of Jackson county, supplants the name of John P. O'Neill. It will be observed that this apparent discrepancy in the deed was not brought to the attention of the trial court, and manifestly it escaped the attention of counsel both for respondent, as well as appellant. At most, this was simply a clerical mistake and is a mere irregularity, and it is made manifest that the counsel in this case, as well as the trial court, treated this deed as an act of John P. O'Neill, sheriff of Jackson county. Manifestly when this conveyance is considered from its four corners, there is no escape from the conclusion that the sale was made by John P. O'Neill, as sheriff, and that he executed and delivered this deed.

Counsel for appellant does not cite any authority to support the contention that this clerical mistake would render the deed void.

## VI.

This brings us to the final contention of learned counsel for appellant; that is, that the judgment rendered in the tax proceeding was a personal judgment against Augustus Smith. To this insistence, we are unable to give our assent. While the judgment does recite that the defendant is indebted to plaintiff in the sum of $60.60 upon the first count of plaintiff's petition, it will be observed that following that recitation, reference is made to the special taxbill embraced in the petition, and then recites that said taxbill, and the amount due thereon, are a lien against the property in

said taxbill described, which said real estate is owned and claimed by defendant. The same recitation occurs in the judgment as to the second count. Then follows the order of judgment for the recovery of the total amount of both counts with interest, and directs such amounts to be levied upon the property in controversy, which is described in the judgment.

We are of the opinion that this judgment properly ordered and adjudged the enforcement of the taxbill liens, and that the contention of the appellant upon that proposition is without merit.

Having reached the conclusion as herein indicated, that the judgment rendered in the taxbill proceeding· is not a personal judgment, but was simply the enforcement of a lien for certain taxes which had been levied upon such property, it logically follows that the question of a homestead being occupied by Augustus Smith at the time of the sale of this property, has no place in this controversy. Even though it was the homestead, it would not follow from that, that it was exempt from taxation. The beneficent provisions of our statute providing for the exemption of homesteads by no means reached to that extent of exempting a homestead from taxation. Manifestly learned counsel for appellant embraced the homestead question in the agreed statement of facts upon the theory that the judgment against Augustus Smith was simply a personal judgment, and was not one which undertook to enforce a lien for certain taxes levied upon the property.

We have given expression to our views upon the controlling questions disclosed by the record, which results in the conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.